## HARDING *v.* GRIM.

[S. C. 36 Pac. 634.]

1. PROMISSORY NOTE — STATUTE OF LIMITATIONS — EVIDENCE.— An indorsement of a credit on a promissory note, made after the statute has run against it, is no evidence that the payment representing such credit was made.

2. ADMINISTRATION — ALLOWANCE OF CLAIM — EVIDENCE.— Under Hill's Code, § 1134, providing that no claim rejected by an administrator shall be allowed, except upon evidence other than that of the claimant, the production of a note, with payments indorsed thereon after such note was barred by the statute, and the testimony of a stranger that decedent once gave him money to deliver to plaintiff as payment "on that note," does not identify the note, or show part payment of an admitted larger debt, and is insufficient to establish such claim, for in order to give a payment made on a debt against which the statute has run the effect of reviving an obligation, it must clearly appear that it was made and received as part of a larger indebtedness, and under such circumstances as to warrant a jury in finding an implied promise to pay the balance.

APPEAL from Marion: GEO. H. BURNETT, Judge.

This is an action by E. J. Harding against the defendant, as administrator of the estate of J. W. Grim, deceased, upon a promissory note made, executed, and delivered by his intestate to plaintiff on February seventh, eighteen hundred and fifty-eight, for the sum of five hundred and thirty-six dollars, payable two years after date, for which a verified claim was duly presented to and rejected by the defendant, as such administrator on the eleventh day of October, eighteen hundred and ninety-two. The defense is the statute of limitations. To take the case out of the statute, the plaintiff offered himse'f as a witness, and produced and gave in evidence the note in question, upon which were the following indorsements in the handwriting of the plaintiff: "Received fifty-three dollars ($53.60) and sixty cents, April fifteenth, eighteen hundred and eighty."—"Received April sixteenth, eighteen hundred and eighty-one, fifty-three dollars and sixty-three cents on within as one year's interest."—"Received on within eighty ($80) dollars, April fifth, eighteen hundred and eighty-two."—"Received June sixteenth, eighteen hundred and eighty-three, fifty dollars."—"Received July twentieth, eighteen hundred and eighty-three, three hundred ($300) dollars."—"Received thirty dollars June fifteenth, eighteen hundred and eighty-seven." He testified that the payments indorsed on the note were each made by the intestate, and were indorsed thereon by the witness at the time they bore date; that the payment of June fifteenth, eighteen hundred and eighty-seven, was made while plaintiff and intestate were going to a reunion of the Oregon Pioneers, and that the indorsement thereof was made in the presence of the intestate. The witness had no special recollection of the other payments, but testified that they were made by the maker of the note, and by the witness indorsed thereon at or about the time of such payments.

The plaintiff then called one Joseph Osborn, who testified that some time in eighteen hundred and eighty, the intestate gave him fifty-three dollars and some cents, with directions to give it to the plaintiff to apply on "that note," which he did. There was a judgment for defendant, from which plaintiff appeals. AFFIRMED.

*Messrs. Bonham & Holmes,* for Appellant.

*Messrs. Tilmon Ford* and *Wm. M. Kaiser (Mr. Edgar Grim* on the brief), for Respondent.

Opinion by MR. JUSTICE BEAN.

1. At the trial the plaintiff was nonsuited, on motion of the defendant, because he had not proven a cause sufficient to be submitted to the jury, by evidence other than his own, as required by section 1134, Hill's Code. This section, among other things, provides, "that no claim which shall have been rejected by the executor or administrator * * * shall be allowed by any court, referee, or jury, except upon some competent or satisfactory evidence other than the testimony of the claimant." The effect of this statute is that, while the claimant is a competent witness in an action against an executor or administrator upon a claim or demand against the estate of the deceased, he cannot prevail in the action unless he proves his case by some competent or satisfactory evidence other than the testimony of himself. His testimony may be used, perhaps, to corroborate other evidence in the case, but it is not sufficient, in itself, to establish his claim. There must be evidence tending to support the action, independent of his testimony, sufficient to go to the jury, and upon which the jury or other trier of fact would be authorized to find in his favor. As a consequence, it was incumbent on the plaintiff in this case to

furnish some competent evidence tending to support his claim, other than his own testimony, and unless he did so, the nonsuit was properly granted. Now the note in suit is barred by the statute of limitations, and therefore furnishes no evidence of a present liability against the estate, unless there has been a payment made thereon by the intestate within six years prior to the commencement of the action. The burden of proof to establish such payment is upon the plaintiff: Wood on Limitations, § 116; *Riggs* v. *Roberts,* 85 N. C. 151, 39 Am. Rep. 692; and, under the statute quoted, he is required to do this by some competent or satisfactory evidence other than his own testimony. It is admitted that payment on the note by the intestate, within the time stated, would be a sufficient answer to defendant's plea of the statute, because it would be inconsistent with any other supposition than an acknowledgment by him of a continued liability. But the question presented by the record is, whether the testimony of Osborn and the indorsements on the note made by plaintiff, which was all the testimony offered or admitted tending to show payment, other than the testimony of plaintiff, either separately or together furnish any evidence that should have been submitted to the jury, from which they might have found that such payment was made. It is clear the indorsements alone, the first of which was made twenty years after the note became due, and long after it was barred, were not proper evidence to go to the jury. Indorsements on a promissory note, made by the promisee before it is barred by the statute, are, in some jurisdictions, held evidence of corresponding payments to remove the bar, on the ground that they are in the nature of admissions against the interest of the party making them; but it is nowhere held that such indorsements, made after the statute has run, afford any evidence whatever that the

payments were made, or are competent to go to the jury as evidence of corresponding payments to remove the bar of the statute: Wood on Limitations, § 115; *Davidson* v. *Delano*, 11 Allen, 523; *Shaffer* v. *Shaffer*, 41 Pa. St. 51; *Goddard* v. *Williamson's Administrator*, 72 Mo. 131; *Roseboon* v. *Billington*, 17 Johns. 182; *Mills* v. *Davis*, 113 N. Y. 245, 3 L. R. A. 394, 21 N. E. 68.

2.   Something more is needed, then, than the note, and the indorsements thereon, to carry this case to the jury. Now the only evidence of payment, other than that of the plaintiff, is the testimony of Osborn, who says that in eighteen hundred and eighty the intestate gave him fifty-three dollars and some cents to be delivered to the plaintiff as payment "on that note." Construing this as evidence tending to show a payment made by the intestate on a note against him held by the plaintiff,—which is the most favorable construction for the plaintiff,—it still does not identify the note in suit or tend to show a part payment of a greater debt. It may have been intended by the intestate as payment on a different note, or to satisfy an entire demand against him. The law is settled that where a specific sum of money is due upon a promissory note, a payment of a part of the debt is a sufficient acknowledgment to authorize the presumption of a promise to pay the remainder; but to raise an implied promise from a part payment of a debt, which will prevent the debtor from availing himself of the bar of the statute, it must appear to have been made and intended as an unqualified part payment of the debt in suit. "It must be shown to be a payment of a portion of an admitted debt, and paid to, and accepted by, the creditor as such, accompanied by circumstances amounting to an absolute and unqualified acknowledgment of more being due, from which a promise may be inferred to pay the remainder. If the payment was intended by

the debtor to be a payment of all that was due, the circumstance of the creditor's having received it, and treated it as a part payment only, will not bring it within the statute. Part payment of a debt is not, of itself, conclusive to take the case out of the statute. In order to have that effect it must not only appear that the payment was made on account of a debt, but also on account of the debt for which action is brought, and that the payment was made as a part of a larger indebtedness, and under such circumstances as warrant a jury in finding an implied promise to pay the balance": Wood on Limitations, § 97; *Shaffer* v. *Shaffer*, 41 Pa. St. 51; *Sears* v. *Hicklin,* 3 Cal. App. 331, 33 Pac. Rep. 137. The principle upon which a part payment by a debtor will remove the bar of the statute is that it amounts to an acknowledgment of the debt, from which the law implies a new promise founded upon the old consideration. "But such acknowledgment," says Mr. Greenleaf, "ought to contain an unqualified and direct admission of a present subsisting debt, which the party is liable and willing to pay. If there be accompanying circumstances which repel the presumption of a promise or intention to pay; or, if the expressions be equivocal, vague, and indeterminate, leading to no certain conclusion, but at best to probable inferences, which may affect different minds in different ways, it has been held that they ought not to go to a jury, as evidence of a new promise, to revive the cause of action": 2 Greenleaf, Evidence, § 440; *Shaffer* v. *Shaffer,* 41 Pa. St. 51; *Landis* v. *Roth,* 109 Pa. St. 621, 58 Am. Rep. 747. No inference can be drawn from Osborn's testimony that the payment referred to by him was made on account of the note in suit, or as part of a larger indebtedness; and hence, if it be held that proof of a payment made in eighteen hundred and eighty would render the subsequent indorsements on the note competent as evidence of

corresponding payments, and remove the bar, because declarations against the interest of the plaintiff, there is no competent evidence in the case sufficient to submit to a jury tending to show that a payment was in fact made at that time. Having reached the conclusion that neither the testimony of Osborn nor the indorsements on the note afford any evidence to remove the bar of the statute, it necessarily follows that there was no competent or satisfactory evidence given or offered by plaintiff on the trial, tending to prove his claim, other than his own testimony; and therefore the nonsuit was properly granted, and the judgment of the court below is affirmed.

AFFIRMED.