Decided 2 July, 1907.

## GILMAN v. COCHRAN.

90 Pac. 1001.

PLEADING—SUFFICIENCY OF DEFENSES.

1. Where several complete defenses are pleaded, the defendant is entitled to a verdict if he shall establish any one of them at the trial.

PLEADING—EFFECT OF ADMISSIONS ON PLEA OF LIMITATIONS.

2. Though a failure to deny the allegations of a complaint is an admission thereof, such admission does not preclude the plea of the statute of limitations.

TRIAL—INSTRUCTION AS TO LIMITATIONS—BURDEN OF PROOF.

3. An instruction, in an action on a note, that the note in suit was barred by limitations, and furnished no evidence of liability against defendant, unless there had been a payment made thereon by defendant within six years before action brought, and that the burden of proof to establish the payment was on plaintiff, is not objectionable as ambiguous or misleading, and is a correct statement of the law.

LIMITATION OF ACTIONS—PART PAYMENT—SUFFICIENCY.

4. Under B. & C. Comp. § 25, providing that, if any payment shall be made on an indebtedness after the same shall have become due, the statute of limitations shall run from the time of payment, such payment must have been intended by the debtor as a payment upon the particular debt, in order to toll the statute, and the application of such payment by the creditor in the absence of direction therefor by the debtor is insufficient.

From Morrow: WILLIAM R. ELLIS, Judge.

Statement by MR. JUSTICE EAKIN.

This is an action by D. E. Gilman against Emmett Cochran to recover upon a promissory note by an indorsee taking the same after maturity. The note was payable to Frank McFarland July 1, 1894, upon which plaintiff claims that a payment of $20 was made in June, 1900. The payment is denied by the answer, but the execution of the note and that it has not been paid are admitted. An affirmative defense is set up, to the effect that the note was given in consideration of a debt of $169.30, and that an additional sum of $500 was included in it to secure the payee for future advances, which the payee agreed to make, but that he thereafter refused to make any advances. Defendant claims that he was damaged in the sum of $1,000 by reason of such refusal, and he pleads the same as a set-off against the note. As a second affirmative defense he pleads the statute

of limitations against the note. The cause was tried by a jury and a verdict rendered for defendant, from which judgment plaintiff appeals.                                    AFFIRMED.

For appellant there was a brief over the name of *Redfield & Van Vactor*, with an oral argument by *Mr. Charles Edgar Redfield*.

For respondent there was a brief over the names of *S. E. Watson* and *McCourt & Phelps,* with an oral argument by *Mr. Gilbert Walter Phelps.*

Opinion by MR. JUSTICE EAKIN.

1. Plaintiff insists that by the first defense the liability for $169.30 is admitted, and that the court should have instructed the jury that plaintiff was entitled to a verdict for not less than that amount; but that defense does not expressly admit that plaintiff is entitled to recover any amount, but only admits that at the time of the execution of the note there was a debt of that amount, and plaintiff also pleads a set-off of $1,000. . When defendant has two separate defenses, each of which is upon the pleading complete, if he establishes one upon the trial, he is entitled to verdict, although he wholly failed to establish the other.

2. A failure to deny the allegations of the complaint is an admission thereof, and dispenses with proof, but such admission is not sufficient to preclude the plea of the statute of limitations. The defendant, in order to take advantage of the statute, need not deny the complaint, but may admit all of its facts, and plead that the cause of action did not accrue within six years prior to the commencement of the action. Such a defense presumes or impliedly admits that the cause of action did exist, but is now barred by the statute. In this answer there is only a denial of the payment of $20 and therefore it impliedly admits all other allegations, and the first affirmative defense does no more. It makes no admission inconsistent with the second defense.

3. Plaintiff also claims error in the instruction to the jury to the effect that the defendant is barred by the statute of limi-

tations.    The language of the court in the instruction complained of is:

"The note in suit is barred by the statute of limitations, and therefore furnishes no evidence of a present liability against the defendant, unless there has been a payment made thereon by defendant within six years prior to the commencement of the action, and the burden of proof to establish such payment is upon the plaintiff."

This language is taken verbatim from *Harding* v. *Grim,* 25 Or. 509 (36 Pac. 634), and is neither ambiguous nor misleading. It plainly infers that the debt is saved from the operation of the statute if there has been a payment within six years after maturity, and is barred without such payment. The burden of all the instructions was to make plain to the jury what constitutes such a payment as will prevent the running of the statute, and we think they correctly state the law.

4. Plaintiff seeks to invoke the rule that, when a payment is made by a debtor owing more than one debt who does not direct to which it shall apply, the creditor may apply it, and that such application to the debt in question will toll the statute; but such is not the law. A payment that will save the running of the statute must have been intended by the debtor as a payment upon that particular debt. This is clearly the intention of the statute.   B. & C. Comp. § 25, provides:

"Whenever any payment of principal or interest has been or shall be made upon an existing contract * * if such payment be made after the same shall have become due, the limitation shall commence from the time the last payment was made."

It is said by Mr. Justice Bean in *Harding* v. *Grim,* 25 Or. 506, 510 (36 Pac. 634, 635) : "To raise an implied promise from a part payment of a debt, which will prevent the debtor from availing himself of the bar of the statute, it must appear to have been made and intended as an unqualified part payment of the debt in suit."   Payment tolls the statute on the theory that such a payment is an acknowledgment by the debtor of the existence of the debt of which the payment is only a part, and therefore the application of a payment by a creditor to a partic-

ular debt, not directed or intended by the debtor, cannot imply an acknowledgment of a larger debt.

Therefore we find no error in the instructions or rulings of the court below, and the judgment is affirmed.   AFFIRMED.

---

Decided 2 July, 1907.