Argued February 6, affirmed as to Ferrier and Reath, reversed as
to Brunk & Lemley, March 20, 1923.

## RE ESTATE OF THOMAS F. BANZER, DECEASED.

(213 Pac. 406.)

**Executors and Administrators—Claimant Against Estate must Make
Out Prima Facie Case Independent of Own Testimony.**

1. A claimant against the estate of a deceased person must make
out a *prima facie* case sufficient to sustain a verdict in his behalf
independent of his own testimony, in a summary proceeding under
Section 1241, Or. L.

**Executors and Administrators—Claim must be Proved as Stated.**

2. In a summary proceeding under Section 1241, Or. L., claim-
ants declaring upon a special contract with the decedent must
prove it as stated and are confined to the terms of the claim which
they assert.

From Multnomah: GEORGE TAZWELL, Judge.

Department 1.

For appellant there was a brief and oral argument
by *Mr. Thomas Mannix.*

For respondent there was a brief over the names of
*Mr. Bert W. Henry, Messrs. Griffith, Leiter & Allen*
and *Mr. Floyd Hancock,* with an oral argument by
*Mr. Henry.*

AFFIRMED AS TO FERRIER AND REATH.
REVERSED AS TO BRUNK AND LEMLEY.

BURNETT, J.—By agreement of all the parties,
three claims, one of Thomas H. Ferrier, one of John
Reath and that of the firm of Brunk and Lemley,
against the estate of Thomas F. Banzer, deceased,
were heard together, both in the probate department
of the Circuit Court of Multnomah County and in this
court on appeal. We glean from the record that
Banzer conducted a sawmill in the State of Washing-
ton near the town of Vader. Ferrier claims to have

worked for Banzer in his logging and mill operations to a total amount of $1,291.47 upon which he allows credit of $423.80, leaving a balance of $867.67. Reath claims for similar labor, the reasonable value and agreed amount of $839 and deducts $614.50 for cash, board and amounts paid to his order, leaving a balance of $224.50. The firm, Brunk and Lemley, claims that it had a contract with Banzer whereby the partnership was to receive $6 per thousand for logs delivered by them, less the pay and board of their laborers; that they logged 1,576,000 feet at $6, amounting to $9,456 after allowing credit for labor paid for by Banzer of $4,972.67 and cash, $2,512.30, a total credit of $7,484.97, leaving a balance of $1,971.03 which the firm claims due from Banzer. In petitions to the probate department of the Circuit Court, the three claimants, Reath, Ferrier and the firm aver that they presented the claims arising from the facts, hereinbefore stated, to the administratrix and she disallowed them. The Circuit Court thereupon heard the case summarily under Section 1241, Or. L., and allowed all the claims.

The section referred to reads thus, in part:

"* * If any executor or administrator shall refuse to allow any claim or demand against the deceased, after the same may have been exhibited to him in accordance with the provisions of this act, said claimant may present his claim to the County Court for allowance, giving the executor or administrator ten days' notice of such application to the court. The court shall have power to hear and determine in a summary manner all demands against any estate agreeably to the provisions of this act, and which have been so rejected by the executor or administrator, and shall cause a concise entry of the order of allowance or rejection to be made on the record, which order shall have the force and effect of a judgment from which an appeal may be taken as in ordinary cases; pro-

vided, that no claim which shall have been rejected by the executor or administrator, as aforesaid, shall be allowed by any court, referee, or jury, except upon some competent or satisfactory evidence other than the testimony of the claimant. No claim shall be allowed by the executor or administrator or the County Court which is barred by the statute of limitation.''

1. The contention for the administratrix is that there is no competent nor satisfactory evidence beside the testimony of the claimants and, consequently, the Circuit Court was in error when it allowed the claim. As early as the case of *Harding* v. *Grim,* 25 Or. 506 (36 Pac. 634), this section of the Code had the consideration of this court in an opinion by Mr. Justice ROBERT S. BEAN, who there used this language:

''The effect of this statute is that, while the claimant is a competent witness in an action against an executor or administrator upon a claim or demand against the estate of the deceased, he cannot prevail in the action unless he proves his case by some competent or satisfactory evidence other than the testimony of himself. His testimony may be used, perhaps, to corroborate other evidence in the case, but it is not sufficient, in itself, to establish his claim. There must be evidence tending to support the action, independent of his testimony, sufficient to go to the jury, and upon which the jury or other trier of fact would be authorized to find in his favor. As a consequence, it was incumbent on the plaintiff in this case to furnish some competent evidence tending to support his claim, other than his own testimony, and unless he did so, the nonsuit was properly granted.''

In that case, the plaintiff sought to recover from Grim's estate a balance claimed to be due on a promissory note given by the decedent, against which the statute of limitations had run unless that result was prevented by certain indorsements written on the

back of the note by the plaintiff. The claimant, himself, testified that the payments were made in the amounts and at the times specified and offered the note with the indorsements in evidence. He also called a witness who testified that some time in 1880 the decedent gave him fifty-three dollars and some cents with directions to give it to the plaintiff to apply on "that note," which he did. Mr. Justice BEAN analyzed the testimony and pointed out that the indorsements had been made after the note was outlawed by the statute of limitations and hence, that they were not competent evidence on the ground that a lapsed obligation cannot be revivified by such a self-serving declaration of the owner of the note; likewise that the testimony of the witness respecting "that note" was too indefinite to identify the obligation in question. The elision of the indorsements and the declaration of the witness left no testimony but that of the plaintiff, himself, applicable to the issue involved. The conclusion was that the plaintiff failed to establish his claim for want of testimony besides his own on a vital part of the case. The same judge, speaking in *Goltra* v. *Penland,* 45 Or. 254, 264 (77 Pac. 129), said:

"the reasonable interpretation seems to be that the testimony of the claimant is not sufficient, but there must be other material and pertinent testimony supporting or corroborating that given by him, sufficient to go to the jury and upon which it might find a verdict, so that the decision may rest upon some evidence other than that of the claimant."

The clear import of these precedents is that the claimant in such cases must make out a *prima facie* case, sufficient to sustain a verdict in his behalf, independent of his own testimony; or, putting it extravagantly, he must make out such a *prima facie* case

before he is entitled to open his mouth as a witness. Unless that situation is made to appear independent of his own declarations as a witness as an essential of his contention, he cannot fortify it by his own testimony for it is not present to be fortified.

The claims presented to the administratrix are not in evidence. Bare allusion to them is made in the petition to the Circuit Court. Taking up the demands of Reath and Ferrier, we find their petitions to the Circuit Court, sitting in probate, to be in identical terms except as to the amounts claimed and credited, substantially, this:

That between certain dates within three years last past, the petitioners worked and labored in and about said mill and logging works of Banzer to a reasonable value and an agreed amount (which said amount, Banzer promised and agreed to pay petitioners) "a statement of which account is more particularly itemized and set out in that claim hereinafter described and presented to the administratrix of said estate for allowance." The petition then goes on to state that no part has been paid except specified credits, leaving a balance due. As to Reath and Ferrier, each testified to his own claim as stated. They are corroborated by the testimony of both Brunk and Lemley, who say that Reath and Ferrier labored for Banzer in the manner stated and Brunk goes further and gives in detail the number of days each of the individual claimants worked and the rate per day and the number of days chargeable against them for board. As to the claims of the two individuals, Reath and Ferrier, this constitutes the competent or satisfactory evidence required by the Code, beside the testimony of the claimants, and their claims must be allowed.

2. Not so, however, as to the claim of the firm of Brunk and Lemley. They had declared upon a special

contract by which they were to receive $6 per thousand on logs which they delivered to the mill and Banzar was to meet their pay-roll and the board of their hands. Having declared upon such a claim, it is vitally essential to their cause that they prove it as stated and they are confined to the terms of the claim which they assert: *Wilkes* v. *Cornelius,* 21 Or. 348 (28 Pac. 135). Both partners testify that the agreement upon which they claim was oral and that no one else was present except themselves and Banzar when it was entered into. Death has sealed the lips of Banzer, leaving the claimants absolutely alone as witnesses to that transaction. Without proof of that agreement by testimony other than their own under the form of their claim as stated, the firm has no case within the requirements of the statute. On the evidence as adduced, the trial court, therefore, was in error in allowing the claim of the firm.

This is an appeal from a judgment, for the statute says the allowance shall have the effect of a judgment. Hence, the result of the three cases is that the trial court must be affirmed as to the claims of Ferrier and Reath. The judgment as to the claim of the firm of Brunk and Lemley must be reversed and the cause remanded for further proceedings.

AFFIRMED AS TO FERRIER AND REATH.
REVERSED AND REMANDED AS TO BRUNK AND LEMLEY.

McBRIDE, C. J., and HARRIS and RAND, JJ., concur.