Argued October 8, affirmed November 12, 1959

# DeWITT v. RISSMAN, Admx
346 P. 2d 104

*Sam Kyle,* Albany, argued the cause for appellant. With him on the brief were Long & McKechnie and Willis, Kyle & Emmons, Albany.

*Asa L. Lewelling,* Salem, argued the cause for the respondent. On the brief were Lewelling & Gies, Salem.

Before ROSSMAN, J., Presiding, and PERRY, O'CON-NELL and REDDING, Justices.

ROSSMAN, J.

This is an appeal by the plaintiff from a judgment which the circuit court entered in favor of the defendant after a jury had returned a verdict in the plaintiff's favor in the sum of $6,750, and the court had sustained a motion made by the defendant for the entry of judgment in her favor notwithstanding the verdict.

The action which resulted in this appeal was based upon charges that one Paul Lee, now deceased, drove his car in a grossly negligent manner on February 18, 1956, at 6:45 a.m., and thereby caused personal injury to the plaintiff. The defendant is the administratrix of the estate of the deceased Lee. The complaint alleges that the plaintiff was Lee's guest and that the accident occurred while Lee was driving the car in a southerly direction on U.S. Highway 99W south of the Luckiamute River. The complaint set forth:

"* * * at said time and place, Paul Lee was driving his automobile while in an extremely drowsy condition and he did operate the automobile in a grossly negligent manner and with a

reckless disregard for the rights of others, in that he operated his vehicle at a speed that was in excess of 85 miles per hour, while he was in a drowsy condition, and during the hours of darkness.

"That as a proximate result of the extreme drowsiness of said Paul Lee and the grossly negligent manner in which the said Paul Lee was driving and operating his vehicle under the circumstances, the said automobile left the paved portion of the highway and overturned \* \* \*."

The answer stated:

"Defendant for answer to plaintiff's complaint herein admits that Carolyn M. Rissman is the duly appointed qualified and acting administratrix of the estate of Paul Lee, deceased; that on February 18, 1956 plaintiff was a guest passenger in an automobile operated by the said Paul Lee. That said automobile was being operated in a southerly direction along U.S. Highway 99W. That at a point upon said highway near the Luckiamute River bridge said automobile did on said date leave the highway and overturned. That as a result of said overturning plaintiff suffered certain injuries, the exact nature and extent of which are unknown to defendant. But save as herein expressly admitted, defendant denies said complaint and each and ever matter, allegation and thing therein contained \* \* \*."

It will be noticed that the complaint alleges that Lee operated his car, in which the plaintiff rode as a non-paying guest, "in a grossly negligent manner."

ORS 30.110 says:

"No person transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against the owner or operator for injury \* \* \* in case of accident, unless

the accident was * * * caused by his gross negligence * * *."

Accordingly, the plaintiff is not entitled to prevail unless a finding of gross negligence is warranted by the record.

This is an action against Lee's estate, he having died since the alleged injuries were inflicted upon the plaintiff. ORS 30.080 provides:

"Causes of action arising out of injury to or death of a person, caused by the wrongful act or negligence of another, shall not abate upon the death of the wrongdoer, and the injured person * * * as above stated, shall have a cause of action against the personal representative of the wrongdoer; however, the injured person shall not recover judgment except upon some competent satisfactory evidence other than the testimony of the injured person * * *."

The plaintiff (appellant) questions the import of the words "except upon some competent satisfactory evidence other than the testimony of the injured person." The present is the first appearance of that provision before this court.

ORS 116.555, pertaining to claims presented to executors, administrators and courts, says:

"* * * No other claim which has been rejected by the executor or administrator shall be allowed by any court except upon some competent, satisfactory evidence other than the testimony of the claimant."

It will be observed that the language just quoted is identical to that of ORS 30.080.

When ORS 116.555 was couched in virtually the same words as today its meaning as part of section 1134 of Hill's Code was set forth by Mr. Justice

ROBERT BEAN in *Harding v. Grim,* 25 Or 506, 36 P 634. Justice BEAN stated:

"\* \* \* The effect of this statute is that, while the claimant is a competent witness in an action against an executor or administrator upon a claim or demand against the estate of the deceased, he cannot prevail in the action unless he proves his case by some competent or satisfactory evidence other than the testimony of himself. His testimony may be used, perhaps, to corroborate other evidence in the case, but it is not sufficient, in itself, to establish his claim. There must be evidence tending to support the action, independent of his testimony, sufficient to go to the jury, and upon which the jury or other trier of fact would be authorized to find in his favor. As a consequence, it was incumbent on the plaintiff in this case to furnish some competent evidence tending to support his claim, other than his own testimony, and unless he did so, the non-suit was properly granted. \* \* \*"

Section 1134, Hill's Code, entered the jurisprudence of this state as a part of the laws of 1862. The part of that early enactment which Mr. Justice ROBERT BEAN construed was again before this court in *Re Estate of Banzer,* 106 Or 654, 213 P 406, where the court, referring to it and the interpretation that had been placed upon it in *Harding v. Grim,* supra, and *Goltra v. Penland,* 45 Or 254, 77 P 129, said:

"The clear import of these precedents is that the claimant in such cases must make out a *prima facie* case, sufficient to sustain a verdict in his behalf, independent of his own testimony; or, putting it extravagantly, he must make out such a *prima facie* case before he is entitled to open his mouth as a witness. Unless that situation is made to appear independent of his own declarations as a witness as an essential of his contention, he cannot fortify it by his own testimony for it is not present to be fortified."

In *Field v. Rodgers,* 128 Or 661, 275 P 598, this court again construed the language which it had interpreted in *Harding v. Grim* by saying:

"\* \* \* The obvious purpose of the statute is to provide for cases where death often renders it difficult, if not impossible, for the representative to show the invalidity of a claim against the estate, or to defend against it, therefore the statute has provided that when the lips of one party are closed by death, the testimony of the survivor shall not be sufficient to alone establish a claim against the estate of the deceased \* \* \*."

ORS 30.080 was not enacted until 1937 (Oregon Laws 1937 chapter 32 Section 1). Its adoption came after the four decisions that we have mentioned and others had been announced by this court. Accordingly, the legislature in writing our wrongful death act employed the language which it found in an act enacted 75 years previously, the meaning of which had been carefully elucidated by this court in language easily understandable.

■■ We believe that it is our duty to hold that when in 1937 the legislature used the phraseology of one of its early statutes which had been interpreted by this court many times it intended that its re-employment of the language should receive the same construction that this court had repeatedly placed upon the earlier enactment. We, therefore, conclude that the words "some competent satisfactory evidence other than the testimony of the injured person" as found in ORS 30.080 has the meaning that was ascribed to the similar language of ORS 116.555 by the four decisions of which we have taken notice.

From the foregoing we see that the plaintiff can not prevail unless "some competent satisfactory evi-

dence other than" her own establishes prima facie that Lee drove his car in a grossly negligent manner and thereby injured her.

The only witnesses whose testimony was concerned with the occurrence of the accident were the plaintiff and Leonard McHargue who is a member of the Oregon State Police. The plaintiff related the incidents leading up to her ride with Mr. Lee and then described the occurrence of the accident. Officer McHargue did not see the accident occur but on February 18, 1956, at 7:15 or 7:20 a.m., while patrolling in an automobile the area assigned to him, received a call to investigate an accident near the Luckiamute River bridge on highway 99W. He swore that he arrived at the scene of the accident at 7:40 a.m. He testified that when he reached there "this automobile was off the highway and down into a field," and "The fellow was there; the girl had been taken to a hospital." He also testified that although no rain had recently fallen the pavement was damp because of the overcast sky. Further, according to him, "the bridge was very slick with ice." He had noticed ice at no other place.

No one mentioned the width of the pavement nor the width of the shoulders. However, three photographs produced by the plaintiff which became exhibits show the pavement, the shoulders and one of the Luckiamute bridges. The pavement's width appears ample to accommodate more than two or three cars running alongside of each other. The shoulders which are made of small gravel are uncommonly broad. The stretch of highway shown by the photographs is straight, level and hard surfaced. The Luckiamute bridges that are indicated in the photographs are open, that is, they have no superstructure.

They are short, possibly no more than 100 or 150 feet in length. The part of the highway which is shown in the photographs appears to have been constructed upon a fill and, accordingly, at the outer extremity of the shoulders there is a somewhat steep decline to the lower area. When the accident happened day was breaking.

No one except the plaintiff mentioned on which side of the highway the car crossed the gravel shoulder and departed to the area below. Likewise, no one except she indicated how far from either of the two bridges the car left the pavement although it is clear that the accident did not occur upon either of the bridges. If the car made any tire marks upon the pavement or in the gravel of the shoulder no one mentioned that fact. Likewise, if the car was damaged in the accident that fact also escaped mention. No photograph of it is before us. Skid marks, deep tears in a gravel shoulder and serious damage to an automobile are often looked upon as evidence that an injury inflicting automobile was being operated at a high speed.

The foregoing states all of the facts except those given by the plaintiff. Apart from her testimony we have no intimation as to the car's alleged excessive speed or of the driver's drowsiness. In truth, although we are told by the briefs that Mr. Lee lost his life in the disaster that underlies this case, the nearest that any witness came to saying anything to that effect is the following taken from the testimony of Mr. McHargue in which he mentioned a visit he made to the plaintiff the morning of the mishap:

"Q And do you recall as to whether or not

you informed her that the other occupant in the car had been killed?

"A I couldn't say about that statement, no, sir.

"Q You don't know——

"A It is possible I did. It is possible that I told her.

"Q You don't know whether you did or not?

"A That is correct."

As we have seen, the plaintiff is not entitled to judgment unless the above facts show that Lee drove his car in a grossly negligent manner and that his action in so doing was the proximate cause of her injury. The plaintiff contends that the doctrine of res ipsa loquitur is applicable to this case and that it warrants a finding that Lee caused her injury by driving in a grossly negligent manner.

 There is no magic to the doctrine of res ipsa loquitur. It draws nothing out of a hat for the avail of any litigant. It is a name which a chance remark of Baron Pollock caused to become attached to some select items of circumstantial evidence and the manner in which the courts recognize that reason may with propriety draw an inference of negligence from them. The law does not create for the party who proves the required circumstances a presumption of negligence, but the doctrine of res ipsa loquitur may warrant the trier of facts to accept those circumstances as a sound premise for an inference of negligence. *Ritchie v. Thomas,* 190 Or 95, 224 P2d 543, referring to *Dunning v. Northwestern Electric Co.,* 186 Or 379, 199 P2d 648, 206 P2d 1177, said:

"This decision marks the end of the doctrine that res ipsa loquitur raises a legal presumption of negligence."

The decision pointed out that the circumstantial evidence with which the doctrine is concerned may warrant the reasoning faculty of the trier of facts to draw an inference of negligence from them. Thus, a party who depends upon the doctrine of res ipsa loquitur must establish facts from which the good sense of the jury can draw a conclusion that the alleged wrongdoer was negligent and in that manner caused the injury.

Some cases in which the facts were more favorable to the injured person than those before us held that an inference was warranted that the driver of the car was guilty of negligence. Some decisions of that nature that we have examined are cited or analyzed in the following treatises: Annotation 136 ALR 1257; Annotation 93 ALR 1101; Prosser on Torts, page 210; Blashfield Cyclopedia of Automobile Law and Practice, § 6049 page 489 and § 6046 page 465; 17 NACCA Law Journal 204; 24(1) Tennessee Law Review 398; 59 West Virginia Law Review 284; 24 New Zealand Law Journal 247.

But, as we have seen, an inference that Lee was guilty of simple negligence, if it could be drawn from the above facts, would not suffice for the plaintiff's purpose. She must establish prima facie, apart from her own testimony, gross negligence before her utterances as a witness can be given effect. *Wood v. Shrewsbuty,* 117 W Va 569, 186 SE 294, and *Minkovitz v. Fine,* 67 Ga App 176, 19 SE2d 561, hold that generally res ipsa loquitur does not apply in cases where gross negligence must be established for purposes of liability. But see *Fenstermacher v. Johnson,* 138 Cal App2d 691, 32 P2d 1106. In the present instance a court should be especially reluctant to infer that the facts before mentioned justify an in-

ference of gross negligence. It does not seem that the legislature intended that the demands of the wrongful death statute for a prima facie case established by "competent satisfactory evidence other than the testimony of the injured person" could be met by nothing more than that person's testimony that she sustained injury while riding in the car of the deceased. Apart from that, we are aware of no manner in which normal reasoning could draw from the circumstances above enumerated a conclusion that Lee drove his car in a grossly negligent manner. As we have seen, the complaint alleges that the car was driven with excessive speed. There is no iota of testimony upon that subject. We have mentioned the fact that no one claimed that the car left any skid marks upon the pavement or tears in the gravel shoulder, nor did any one disclose whether the car, after the accident, was in any way damaged. Likewise, the complaint charges that the accident was due to Lee's drowsiness. The above enumerated facts are entirely silent upon that subject. But, if we overlook those specifications of negligence and turn merely to the general charge (see Prosser on Torts, page 219) we still do not believe that reason can draw from the above facts any inference of gross negligence.

We conclude that the circuit court did not err in sustaining the defendant's motion for judgment notwithstanding the verdict.

The challenged judgment is affirmed.