Argued November 1, 1963, affirmed in part; reversed in part April 8, 1964

# BUSH *v.* JOHNSON ET AL

390 P. 2d 932

*David E. Card*, Klamath Falls, argued the cause for appellants. On the briefs were Smith and Card, Klamath Falls.

*David R. Vandenberg, Jr.*, Klamath Falls, argued the cause for respondent. On the brief were Vandenberg and Coe, Klamath Falls.

Before MCALLISTER, Chief Justice, and ROSSMAN, O'CONNELL, GOODWIN and LUSK, Justices.

McALLISTER, C. J.

This is an action to recover damages for personal injuries sustained by plaintiff when an automobile operated by him collided with a truck owned by the defendants C. Ed Johnson and Lorraine Johnson, and operated by their employee, Bernard L. Woods. Woods was killed by the collison, and this action is brought against the administrator of his estate and the owners of the truck. The jury returned a verdict against all defendants, and from the judgment entered thereon the defendants appeal.

The principal questions raised by the error assigned in defendants' brief are: (1) whether plaintiff,

as required by ORS 30.080, proved a prima facie case against the estate of the deceased truck driver by evidence other than his own testimony; (2) whether ORS 30.080 applies to the owners of the truck when they are joined as defendants with the estate of their deceased driver; and (3) whether there was, in any event, sufficient evidence of negligence to take the case to the jury as against any defendant.

In order to recover judgment against the personal representative of the deceased truck driver, plaintiff is required by ORS 30.080[1] to prove a prima facie case by competent satisfactory evidence other than his own testimony. *Kaufman v. Fisher*, 230 Or 626, 628, 371 P2d 948 (1962); *Schnell v. Mullen*, 222 Or 454, 457, 353 P2d 567 (1960); *DeWitt v. Rissman*, 218 Or 549, 553, 346 P2d 104 (1959).

The only witnesses who testified concerning the accident were the plaintiff and Roland S. Clark, an officer of the Oregon State Police. The only other evidence concerning the accident consisted of four photographs of the scene and a drawing by Officer Clark illustrating his testimony.

The accident occurred on October 15, 1958, at the intersection of Highway 39 and Dillinger Road, a few miles south of Klamath Falls. Highway 39 runs northerly and southerly and is intersected at right angles

---

[1] "ORS 30.080. Causes of action arising out of injury to or death of a person, caused by the wrongful act or negligence of another, shall not abate upon the death of the wrongdoer, and the injured person or the personal representatives of one meeting death, as above stated, shall have a cause of action against the personal representatives of the wrongdoer; however, the injured person shall not recover judgment except upon some competent satisfactory evidence other than the testimony of the injured person, and the damages recoverable under this section shall not exceed $25,000, which may include a recovery for all reasonable expenses paid or incurred for funeral, burial, doctor, hospital or nursing services for the deceased."

by Dillinger Road. There is a stop sign on the east side of Highway 39 requiring vehicles on Dillinger Road to stop before entering the intersection. It is alleged in the complaint and admitted in the answer that plaintiff was operating his automobile in a northerly direction on Highway 39 in the righthand lane thereof, and that the decedent Woods was driving a truck in a westerly direction on Dillinger Road.

Officer Clark testified that he did not see the accident, but arrived after it occurred. The truck driver was dead, and made no admissions. The officer found a concentration of debris on Highway 39 in the center of the northbound lane and about even with the center of Dillinger Road. When the officer arrived the vehicles were sitting side by side at an angle, facing northwest in the southbound lane of Highway 39. The rear of the truck was about 50 feet in a northwesterly direction from the concentration of debris on the highway. There were no skid marks. The plaintiff's automobile was "smashed up quite bad" at the front end and along the right front side. The truck was damaged "from the left front fender back."

The photographs of the scene show that the visibility of both drivers was severely limited by numerous large trees growing around the southeast corner of the intersection.

■■ We think plaintiff failed to prove a prima facie case sufficient to go to the jury by evidence other than his own testimony. We know that both vehicles entered the intersection at about the same time and that plaintiff was on the through highway. Beyond that, we can only speculate whether the accident was caused by the negligence of the decedent, the negligence of the plaintiff or the combined negligence of both. The law presumes that both drivers exercised due care. *Senger*

*v. Vancouver-Portland Bus Co.,* 209 Or 37, 44-45, 304 P2d 448, 298 P2d 835, 62 ALR2d 265 (1956). Although plaintiff was the favored driver, his right of way was not absolute. *Simmons v. Holm,* 229 Or 373, 407-408, 367 P2d 368 (1961); *Rauw v. Huling and Sparks,* 199 Or 48, 60, 259 P2d 99 (1953). If plaintiff approached the intersection at an unlawful speed he forfeited the right of way. ORS 483.202; *Dorey v. Myers,* 211 Or 631, 635, 317 P2d 585 (1957).

ORS 483.202 provides that a driver of a vehicle who has stopped at the entrance of a through highway and yielded the right of way to vehicles approaching so closely on the through highway as to constitute an immediate hazard may then proceed, and further provides that other vehicles approaching the intersestion on the through highway shall yield to the vehicle so proceeding into or across the through highway. For aught we know, the driver of the truck may have stopped before entering the intersection and then proceeded into the intersection after observing plaintiff's car approaching at such a distance that to a reasonable person it would appear not to constitute an immediate hazard. If the decedent driver complied with ORS 483.202, and plaintiff's car became an immediate hazard only because it was being driven at an excessive speed, plaintiff's contributory negligence would bar any recovery of damages by him. *Shelton v. Lowell,* 196 Or 430, 442, 249 P2d 958 (1952).

Nothing can be inferred from the position of the vehicles after the collision, nor the damage sustained by them. They could have assumed the same position and sustained the same damage whether the collision resulted from the negligence of the plaintiff, the negligence of the decedent, or the negligence of both. Aside from the testimony of the plaintiff, the verdict in his

favor could only be based on speculation. We think the court erred in failing to sustain the motion of the administrator for a nonsuit.

■ The defendants Johnson argue that because they are sued jointly with their agent they are entitled to the benefit of ORS 30.080. We think this contention has been decided adversely to defendants by our decisions in *Wiebe v. Seely, Administrator*, 215 Or 331, 335 P2d 379 (1959), and *Kowaleski v. Kowaleski*, 227 Or 45, 361 P2d 64 (1961). Those cases held that limitations on the cause of action against a servant or agent did not limit the *respondeat superior* liability of the principal or master. Both *Wiebe* and *Kowaleski* are well reasoned opinions and it is not necessary to cover the same ground again in this opinion.

■ The plaintiff testified that he was driving north on his own side of the road at 50 miles per hour, that he saw some traffic "in front of Mac's store" which was north of the intersection, that he slowed down to 40 miles per hour, that the truck "jumped in front of" him, that he did not see the truck until it was very close, and that he did not even have a "chance to take his foot off the gas." We think the jury could infer from his testimony that plaintiff was approaching the intersection at a lawful rate of speed and that when the truck entered the intersection plaintiff's vehicle was so close as to constitute an immediate hazard. We think the evidence including the testimony of plaintiff was sufficient to support the verdict against the Johnsons.

The judgment against William Leo Woods, Administrator of the Estate of Bernard L. Woods, deceased, is reversed, and the judgment against C. Ed Johnson and Lorraine Johnson, co-partners dba Super Packing Company is affirmed.