Argued May 5, reversed June 22, 1966

# SIDES *v.* DRISCOLL

415 P. 2d 760

*William V. Deatherage,* Medford, argued the cause for appellant. On the briefs were Frohnmayer, Lowry & Deatherage, Medford.

*Richard J. Smith,* Klamath Falls, argued the cause and submitted a brief for respondent.

Before McAllister, Chief Justice, and Perry, Denecke, Holman and Schwab, Justices.

SCHWAB, J. (Pro Tempore).

This action was brought by the plaintiff against the administrator of the estate of Daniel F. Driscoll, who died of natural causes prior to the commencement of this action, to recover damages for injuries suffered by the plaintiff in an automobile accident. The jury returned a verdict against the defendant, and from the judgment entered thereon the defendant appeals.

The sole question we need decide on appeal is whether the court erred in denying defendant's motion for directed verdict on the ground that under ORS 30.080 the evidence was insufficient to present a jury question as to any negligence on the part of the decedent, Daniel F. Driscoll. ORS 30.080 provides:

> "Causes of action arising out of injury to or death of a person, caused by the wrongful act or negligence of another, shall not abate upon the death of the wrongdoer, and the injured person or the personal representatives of one meeting death, as above stated, shall have a cause of action against the personal representatives of the wrongdoer; however, the injured person shall not recover judgment except upon some competent satisfactory evidence other than the testimony of the injured person, * * * *."

Plaintiff, proceeding towards Ashland, Oregon in the afternoon of March 25, 1961, was traveling in a westerly direction on Highway 66, a two-lane road known as the Green Springs Highway in Jackson County, when he collided with an automobile driven by the decedent, Daniel F. Driscoll, traveling in an easterly direction on said highway toward Klamath Falls, Oregon. The accident occurred just as plaintiff rounded a right-hand curve. The plaintiff testified that the decedent's automobile was over the center line in plaintiff's lane of traffic. The decedent, in a statement made prior to his death, stated that the plaintiff at the time of the collision was over the center line in decedent's lane of traffic.

A vehicle driven by one Gary Phair, was proceeding in the same direction as the plaintiff and a short distance behind him. Phair and one of his passengers testified that they saw the collision, that it occurred on the decedent's side of the road, and that following the collision the plaintiff's vehicle veered off into its proper lane. Phair was unable to stop his vehicle and immediately after the collision between plaintiff and decedent, Phair's vehicle collided with the rear of the plaintiff's vehicle. The decedent's vehicle was not involved in the second collision. When the decedent's vehicle came to rest following the first collision and the plaintiff's vehicle came to rest following the second collision, both were in their proper lanes of travel except that the front of the plaintiff's automobile extended just over the center line.

The only factual issue material to a determination of liability in the case at bar is whether the first collision occurred on the plaintiff's or decedent's side of the highway.

■ ORS 30.080 requires that in order to take a negligence case to the jury as against the estate of a decedent, there shall be evidence sufficient to make a prima facie case against the deceased separate and apart from the testimony of the plaintiff. *DeWitt v. Rissman,* 218 Or 549, 346 P2d 104; *Bush v. Johnson,* 237 Or 173, 175, 390 P2d 932, and cases cited therein.

■ Other than the plaintiff's own testimony, there was no evidence tending to show that the collision which precipitated this lawsuit happened on the plaintiff's side of the road unless the testimony of his brother, Jack Sides, can be so construed.

Jack Sides operated a towing service in Medford, and in that capacity was called to the scene of the accident by the investigating state police officer. Arriving 45 minutes after the accident, his primary duty was to clear the road of debris and disabled vehicles. His observations of the scene of the accident were only casual in character.

He testified that there were skid marks and debris in the westbound lane a few feet to the rear of his brother's automobile and also that there was a drag mark under his brother's vehicle in the vicinity of the left front wheel. He did not match the debris with any of the vehicles involved in the accident. He did not notice any skid marks or debris in the eastbound lane of travel. The substance of his testimony was that he did not make a close inspection of the eastbound lane. He did not see the third vehicle involved, the Phair automobile.

The plaintiff failed to prove a prima facie case sufficient to go to the jury by evidence other than his own testimony. None of the testimony offered by Jack Sides shows that it was more probable that the debris, skid marks and drag mark found in the west-

bound lane came from the collision between plaintiff's and decedent's vehicles rather than from the second collision involving plaintiff's vehicle and the Phair automobile. Indeed, plaintiff's own testimony makes the latter inference the more probable one. Plaintiff testified that the debris was located approximately ten feet behind the final resting place of his automobile. He also testified that his vehicle moved about one car length after being hit by the Phair vehicle.

■ The debris was made up of pieces of chrome and glass which could have come from any of the cars, all of which were damaged in the front. The fact that plaintiff's vehicle was in the westbound lane and decedent's vehicle in the eastbound lane after the first collision is not evidence of any negligence on the part of either, since they could have assumed those positions regardless of whose negligence caused the collision. *Bush v. Johnson,* supra 237 Or at 177; Blashfield, Cyclopedia of Automobile Law § 6555, p. 401.

Jack Sides' testimony sheds no light on the location of the first collision and therefore fails to support an allegation of negligence on the part of the decedent. Since the only evidence of the decedent's negligence is the plaintiff's own testimony, the court erred in denying defendant's motion for directed verdict.

Reversed.