Argued October 31, 1966, affirmed March 15, 1967

ROYSE, *Respondent, v.* WILLIAMS, *Appellant.*

425 P. 2d 163

*Thomas Cavanaugh,* Portland, argued the cause for appellant. With him on the briefs were Vergeer, Samuels, Cavanaugh & Roehr, Portland.

*Lawrence B. Rew,* Pendleton, argued the cause for respondent. With him on the brief were Corey, Byler & Rew, Pendleton.

Before McAllister, Chief Justice, and Perry,

SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN,[*] Justices.

O'CONNELL, J.

This is an action to recover damages for personal injuries arising out of a collision between an automobile driven by plaintiff and an automobile driven by George Piper, defendant's decedent, who was killed in the accident. Defendant appeals from a judgment for plaintiff.

Plaintiff was proceeding northerly and Piper was proceeding southerly, both toward an intervening intersection at which the road entering from the west was north of the road entering from the east. The collision occurred at or near the intersection. Plaintiff alleges that Piper made a left turn at the intersection and that in doing so Piper was negligent in failing to (1) yield the right of way, (2) give a signal before making the turn, (3) keep his vehicle under control, and (4) keep a lookout.

Defendant contends that ORS 30.080 requiring evidence other than the testimony of plaintiff before recovery is allowed for personal injury was not satisfied.[1]

---

[*] Holman, J., did not participate in the decision of this case.

[1] ORS 30.080 provides:

"Causes of action arising out of injury to or death of a person, caused by the wrongful act or negligence of another, shall not abate upon the death of the wrongdoer, and the injured person or the personal representatives of one meeting death, as above stated, shall have a cause of action against the personal representatives of the wrongdoer, however, the injured person shall not recover judgment except upon some competent satisfactory evidence other than the testimony of the injured person, and the damages recoverable under this section

Plaintiff testified that as he was passing through the intersection Piper's car turned to the left in front of him; that he remained in his own lane at all times, and that Piper gave no turn signals.

A witness called by plaintiff testified that he was at the intersection waiting to turn left from the road entering the intersection from the west; that he saw Piper's car pass him, and then he "heard the collision" and saw "them bump and go up in the air" together on plaintiff's side of the highway. He testified that he did not see Piper give a turn signal, and that he could have seen it if the signal had been given. He further testified as follows:

"Q  Now, did you see the collision occur?

"A  Well, I heard the noise, and instantaneously saw it, so I practically saw it at the moment of collision.

"Q  Now, where, insofar as the center line which is marked on there, were the two vehicles located? Now, when the accident occurred—?

"A  Well, all I know is that they were over there in the eastbound—east lane there."

A traffic patrolman who investigated the accident soon after it occurred testified that he observed that both cars were facing east, both partly in plaintiff's lane and partly on the untravelled portion of the highway. The front ends of both vehicles were totally demolished. Another witness testified that immediately before the accident he saw plaintiff travelling in his own lane.

shall not exceed $25,000, which may include a recovery for all reasonable expenses paid or incurred for funeral, burial, doctor, hospital or nursing services for the deceased."
The corroborating evidence must itself make out a prima facie case. See, DeWitt v. Rissman, 218 Or 549, 346 P2d 104 (1959).

Defendant contends that plaintiff's complaint limits the theory of the case to a charge that Piper was negligent in making a left turn, and that there is no evidence from which it could be inferred that plaintiff's car was either in the intersection or so close to it as to constitute a hazard. Defendant contends, therefore, that there is no evidence to show any duty on the part of Piper to yield the right of way to plaintiff.

■ The evidence other than plaintiff's testimony was sufficient to make out a prima facie case. The jury could have found from the testimony of the witness who had observed the Piper car as it approached the intersection that Piper made a left turn into plaintiff's lane without giving a turn signal. The fact that the front of both cars were demolished indicates that the cars collided head on. If Piper had made a proper turn at the intersection it is not likely that his car would have been facing plaintiff's oncoming car at the time of the impact. The natural inference is that Piper had entered plaintiff's lane and was moving in a southerly direction when the collision occurred. The evidence is almost conclusive that Piper's car was in plaintiff's lane when struck. It appears that Piper may have attempted to take a short cut from his lane to the intersecting road to his left instead of making the required more sharply executed turn. The peculiar character of the intersection might well have invited such a choice; the intersecting road to Piper's right entered the main highway north of the intersecting road to his left. Thus it is possible to reason that considering the character of the damage to the cars and their later position, the collision occurred before Piper entered the intersection and while he was in plaintiff's lane.

Nor do we find any evidence to support defendant's

contention that plaintiff was negligent. The only evidence relating to plaintiff's speed was stricken as nonresponsive. Even that evidence, however, was favorable to plaintiff. A witness, when asked "Do you have any estimate as to the speed of the Royse vehicle when it passed you," which was an instant before the impact, answered, "It didn't appear to be excessive speed." This is the answer which was stricken.

Defendant relies upon *Bush v. Johnson,* 237 Or 173, 390 P2d 932 (1963). The case at bar is distinguishable. In the *Bush* case the evidence as to the nature of the damage to the cars, the position in which they were found after impact, the concentration of debris and other evidence relating to the collision was as consistent with the conclusion that defendant properly entered the intersection as it was with the conclusion that he was negligent. In the present case, as we have previously explained, there is a basis for inferring that decedent was improperly in plaintiff's lane.

Judgment affirmed.