Argued January 4, affirmed March 22, 1967

FLETCHER, *Appellant, v.* WALTERS ET AL, *Respondents.*

425 P. 2d 539

*Nick Chaivoe,* Portland, argued the cause for appellant. With him on the brief was Nels Peterson, Portland.

*Frederic P. Roehr,* Portland, argued the cause for respondent Sandra J. Walters. With him on the brief were Vergeer, Samuels, Cavanaugh & Roehr and Harry F. Samuels, Portland. *Lamar Tooze, Jr.,* Portland, argued the cause for respondent The Oregonian Publishing Co. With him on the brief were Tooze, Powers, Kerr, Tooze & Peterson, Portland.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, DENECKE and REDDING, Justices.

O'CONNELL, J.

This is an action brought against the administratrix of the estate of Robert K. Walters and his employer, The Oregonian Publishing Co., for damages for personal injuries alleged to have resulted from the negligence of Walters. Plaintiff appeals from a judgment of involuntary nonsuit entered as to defendant Oregonian Publishing Company and from a directed verdict for defendant administratrix of the estate of Robert K. Walters.

Plaintiff was injured when an automobile in which she was riding and which was driven by Walters crashed into a pole and a box car on the side of a street. Walters was killed in the accident. As a result of the injury plaintiff was unable to remember any of the events relating to the accident.

Plaintiff's action against Walters' administratrix is based upon the theory that Walters was grossly negligent or that he was driving under the influence of intoxicating liquor or that he deliberately caused the accident.

■ There is no evidence from which the jury could reasonably conclude that Walters was grossly negligent or that he deliberately caused the accident. The evidence merely shows that the vehicle left the street and crashed into the pole and box car. We have held that evidence of this kind is not in itself sufficient to make out a case of gross negligence. *DeWitt v. Rissman,* 218 Or 549, 346 P2d 104 (1959); *Roehr v. Bean,* 237 Or 599, 392 P2d 248 (1964). Nor could the jury reasonably find that Walters was intoxicated at the time of the accident. Plaintiff testified that Walters did not appear to be intoxicated an hour before the accident. The testimony of two other witnesses was to the same effect.

Plaintiff attempted to introduce into evidence the record of a blood-alcohol test of blood purportedly taken from Walters. The record was entitled "Police Bureau, City of Portland Laboratory Report" and indicated that the test was made by the county coroner. Plaintiff argues that the record was admissible under ORS 43.330 (6) as an "official document";[1] that the coroner was the official keeper of the document and in possession of it pursuant to this duty to investigate deaths under ORS 146.030 (1) (c);[2] and that by force

---

[1] "(6) Documents of any other class in this state or the United States by the original or by a copy certified by the legal keeper."

[2] ORS 146.030 (1) (c) provides:

"An investigation of the death of a person occurring in any

of ORS 41.360 (15) there is a presumption that an official duty has been regularly performed.[3]

Although it is true that ORS 146.030 (1) (c) makes it the duty of the county coroner to investigate deaths by accident, the test in question was not performed by the coroner; it was performed by the Portland Police Bureau. There is no evidence that the blood test was performed by the Police Bureau as a part of an official duty.[4]

■ Under the circumstances of the present case none of the statutes relied upon by plaintiff are pertinent in determining the admissibility of the blood sample report. The report is simply a hearsay statement of some member of the Portland Police Bureau and was properly excluded.[5]

We hold that there was not sufficient evidence to permit the jury to find that Walters was intoxicated.

■ The defendant Oregonian Publishing Co. can be held liable only if it is shown that plaintiff was riding with Walters as a passenger rather than as a guest.

---

of the following circumstances shall be made by the medical investigator:

"(1) Where death was caused or apparently caused by external force, including but not limited to the following causes:

"\* \* \* \* \*

"(c) Accident."

[3] ORS 41.360 (15) provides that there is a disputable presumption that "official duty has been regularly performed."

[4] Plaintiff relies upon ORS 483.630 (5) (b) (which was repealed by Or Laws 1965, ch 574, § 13), but this section relates only to the taking of a blood sample and its use in evidence when a person is *arrested* for driving under the influence of intoxicating liquor.

[5] Under similar circumstances blood samples have been held inadmissible. See Natwick v. Moyer, 177 Or 486, 163 P2d 936 (1945); McGowan v. City of Los Angeles, 100 Cal App2d 386, 223 P2d 862 (1950).

The evidence would not support a verdict based upon the theory that plaintiff was a passenger. Walters asked plaintiff to ride with him at the request of friends at whose home plaintfif and Walters had been invited as guests. The host testified that "When it came time to leave, Mrs. Fletcher had what I can best describe as the giggles. She also said that she was unfamiliar with the area and wasn't sure how to get to her home which was out in the northeast part of Portland, from our houseboat which was in the southeast part of Portland, and so we suggested that she go home with Mr. Walters." It would be unreasonable for the jury to conclude that plaintiff was riding for the benefit of either Walters or the Oregonian.

The judgment is affirmed.