Argued May 6, affirmed May 31, 1968

# FABRE, *Appellant, v.* HALVORSON ET UX, *Respondents.*

441 P. 2d 640

*Leeroy Q. Ehlers,* Pendleton, argued the cause for appellant. On the brief were Fabre, Collins & Ehlers, Pendleton.

*Charles R. Cater,* La Grande, argued the cause and filed a brief for respondents.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, GOODWIN, DENECKE, HOLMAN and LUSK, Justices.

GOODWIN, J.

An executor brought action to recover money lent by the decedent to certain relatives. The trial court sitting without a jury found that the money had been borrowed with the understanding that if the lender should die before the money was repaid the debt would be discharged. Judgment was entered for the defendants, and the executor appeals.

■ Since the court heard conflicting evidence concerning whether or not the agreement was as alleged by the defendants, the findings are conclusive upon the question of fact. ORS 17.435; *Kuzmanich v. United Fire and Casualty,* 242 Or 529, 531, 410 P2d 812 (1966). Unless there is some reason, as a matter of law, for holding that the defendants cannot prove the alleged agreement in defense of an action of this character, the judgment must be affirmed.

■ Most courts uphold contracts such as the one allegedly made here against charges that they are invalid because they are wagering contracts, or contracts lacking in consideration, or invalid testamentary gifts, or incomplete *inter vivos* gifts. See Annotation, 11 ALR3d 1427, 1431 (1967); 6 Corbin, Contracts § 1267 (1952). This court apparently has not been called upon

to decide the specific question presented in the case at bar. But it has upheld an asserted gift (*causa mortis*) of buried gold against the claim that there had been no delivery, when the only evidence of the gift was the testimony of the donee. See *Waite v. Grubbe,* 43 Or 506, 73 P 206, 99 Am St Rep 764 (1903). We see no reason why a provision for the discharge of a debt, if proved, likewise should not be given effect.

The executor cites ORS 30.080, which bars claims against the estates of deceased tort-feasors unless proven by evidence in addition to the testimony of claimants. See, e.g., *Sides v. Driscoll,* 244 Or 76, 415 P2d 760 (1966). A similar statute in the probate code provides that if a claim against an estate has been denied by the executor the claim cannot be allowed by any court except upon some "competent, satisfactory evidence other than the testimony of the claimant." ORS 116.555. See, e.g., *Re Estate of Banzer,* 106 Or 654, 213 P 406 (1923).

 It can be argued that a defense against a debt owed to a deceased is analogous to an affirmative claim against the estate of a deceased, and that the legislative policy expressed in ORS 30.080 and 116.555 ought to be equally valid when a defense is asserted against an executor's effort to marshal the assets of a decedent's estate. In the case at bar, however, there was some corroboration of the defendants' testimony through the testimony of other relatives. ORS 41.260, which permits the testimony of one believable witness to prove a fact, also applies to this case. The beneficiary of an agreement of the kind testified to in this case is not disqualified as a witness. The Statute of Frauds (ORS 41.580) was not asserted by either side in this case. Accordingly, we need not decide whether

it applied to any part of the case. The factual issues were submitted to the trial court. That court's findings of fact are conclusive.

Affirmed.