527 P.2d 109

**Secundino VALENZUELA, Executor of the Estate of Jose M. Gallegos, Deceased, Appellant,**

v.

**Manuel Dominguez ANCHONDA and Barbara Silva de Dominguez, husband and wife, Appellees.**

**No. 2 CA–CIV 1654.**

Court of Appeals of Arizona, Division 2.

Oct. 16, 1974.
Rehearing Denied Nov. 20, 1974.
Review Denied Dec. 17, 1974.

Price, Tinney, Lindberg & Gianas by John Price, Tucson, for appellant.

Ramon R. Alvarez, Douglas, for appellees.

## OPINION

HATHAWAY, Chief Judge.

This appeal is from the trial court's entry of summary judgment in favor of appellees-defendants, quieting title to certain real property in them, and against appellant-plaintiff.

On or about February 20, 1970, appellees, as purchasers, and Jose Gallegos and Elvira V. Gallegos, husband and wife, as sellers, entered into an agreement for the sale of real estate for a total purchase price of $9,500, payable $2,000 in cash at the time of purchase and the balance of $7,500 to be paid at the rate of $125 per month, with the first payment due on April 15, 1970. The contract provided:

"That all payments are to cease upon the death of both of the sellers herein, and at that time, the property being sold herewith will be deemed to have been paid in full."

Both sellers are deceased. Jose Gallegos, the second to die, died on October 1, 1972. On that date there was a balance due and owing on the purchase price of the real property in the sum of $3,750.

The plaintiff, executor of the Estate of Jose M. Gallegos, deceased, sued for the unpaid balance and the defendants counterclaimed for slander of title, seeking damages and attorneys' fees. Both parties moved for summary judgment. The court entered summary judgment in favor of the defendants and against the plaintiff, hence this appeal.

We are called upon to determine the validity of an agreement providing that a debt or legal obligation contemporaneously incurred be cancelled by the death of the creditor. Appellant first contends that the provision in question was invalid since it was an attempt to effect a testamentary disposition of property through a document that is not a valid will of the decedent, and secondly, if it were an attempt to make a gift, it was ineffective since the gift would take effect only after the death of the donor. McNabb v. Fisher, 38 Ariz. 288, 299 P. 679 (1931). Appellees submit that the provision is sustainable as a valid contractual provision pointing out that nearly thirty jurisdictions having occasion to consider the question have upheld the validity of such a provision. See Annot. 11 A.L.R.3d 1427. This position also finds support in 17 Am.Jur.2d., Contracts § 487, pp. 957–958:

"Moreover, the prevailing view is in favor of the validity of an agreement contemporaneous with a debt or legal obligation that such obligation shall be

extinguished or terminated by the death of the creditor or obligee. While the validity of such an agreement is sometimes predicated on the theory that a valid gift is made thereby, more often such validity has been predicated on the theory that the agreement constitutes a valid the enforceable contract. Under either theory of validity the courts have repeatedly denied the testamentary character of such an agreement." [Footnotes omitted]

We hold that the provision in question is a valid and enforceable part of the contract. Fabre v. Halvorson, 250 Or. 238, 441 P.2d

640 (1968); Re Estate of Verbeek, 2 Wash. App. 144, 467 P.2d 178 (1970); Utay v. Urbish, 433 S.W.2d 905 (Tex.Civ.App. 1968).[1] The subject provision set a term within which payments were to be made thereunder. The maximum term was prescribed in the event both sellers survived. A lesser term was provided in the event of their deaths. That eventuality having come to pass, no claim remains for the estate. We find the Arizona authority cited by appellant inapposite.

Affirmed.

KRUCKER and HOWARD, JJ., concur.

1. Effective January 1, 1974, A.R.S. § 14-6201 provides:
"A. Any of the following provisions in . . . any other written instrument effective as a contract . . . is deemed to be nontestamentary, and this title does not invalidate the instrument or any provision:
\* \* \* \* \*
2. That any money due or to become due under the instrument shall cease to be payable in event of the death of the promisee or the promisor before payment or demand.
3. That any property which is the subject of the instrument shall pass to a person designated by the decedent in either the instrument or a separate writing, including a will, executed at the same time as the instrument or subsequently."