Argued 25 October; decided 19 November, 1900.

**FERGUSON** *v.* **INGLE.**

[62 Pac. 760.]

RIGHT OF PLAINTIFF TO NONSUIT — FORM OF MOTION.

1.   Under Section 246, Hill's Ann. Laws, providing that plaintiff, on his own motion, may have a judgment of nonsuit at any time before trial, unless a counterclaim has been pleaded as a defense, the right is absolute and no reason need be assigned in the motion therefor; wherein the practice differs from that prevailing when the defendant moves for a nonsuit.

WAIVER OF RIGHT TO NONSUIT BY OFFERING TESTIMONY.

2.   Error in refusing a motion for a nonsuit is not waived by offering relevant testimony after the motion has been overruled:   *Carney* v. *Duniway*, 35 Or. 131, approved.

VOLUNTARY NONSUIT AFTER FILING AMENDED COMPLAINT.

3.   After the filing of an amended complaint all prior proceedings are eliminated from the record, and plaintiff may take a voluntary nonsuit, notwithstanding there may have been a "trial" by the argument of a demurrer: *Hume* v. *Woodruff*, 26 Or. 373, applied.

From Benton: J. W. HAMILTON, Judge.

This is an action for money by E. W. Ferguson and others against J. W. Ingle. The defendant, after denying the material allegations of the complaint, set up a counterclaim, and, a demurrer thereto having been sustained, the plaintiffs, by leave of the court, filed an amended complaint, and immediately moved for a judgment of nonsuit, which being denied, the defendant filed an amended answer. A reply having put in issue the new matter in the answer, a trial was had, resulting in a judgment for defendant, and plaintiffs appeal.          REVERSED.

For appellants there was a brief over the names of *H. C. Watson* and *E. E. Wilson,* with an oral argument by *Mr. Watson.*

For respondent there was a brief over the names of *W. S. McFadden* and *Weatherford & Wyatt,* with an oral argument by *Mr. McFadden.*

MR. JUSTICE MOORE, after stating the facts, delivered the opinion of the court.

1. It is contended by plaintiffs' counsel that the court erred in refusing to grant a voluntary nonsuit requested by their clients; while defendant's counsel insist that, the motion therefor not having specified the ground upon which it was predicated, no error was committed in this respect. Considering these questions in inverse order, the rule is well settled that the motion of an adverse party for a nonsuit must specify the grounds therefor, and, unless it does so, an appellate court will not review the action of the trial court in denying the motion: 14 Enc. Pl. & Prac. 117, 136; *Silva* v. *Holland,* 74 Cal. 530 (16 Pac. 385); *Flynn* v. *Dougherty,* 91 Cal. 669 (27 Pac. 1080, 14 L. R. A. 230); *Wright* v. *Fire Ins. Co.,* 12 Mont. 474 (31 Pac. 87, 19 L. R. A. 211). The reason for this rule is found in

the fact that an appellate court will consider only such
questions as have been presented to the trial court at the
proper time, and in an appropriate manner; and when it
appears that the question sought to be reviewed was not
thus submitted to such court the presumption that its de-
cision thereon is correct ought to prevail. But, whatever
reason may be adduced for the existence of this rule, the
point insisted upon is without merit, for the motion in this
case was not made by the adverse party. The statute pro-
vides, in effect, that the plaintiff, upon his own motion,
may secure a judgment of nonsuit at any time before
trial, unless a counterclaim has been pleaded as a defense:
Hill's Ann. Laws, § 246. A voluntary nonsuit is, there-
fore, peremptory, and, whatever motive may have prompt-
ed a plaintiff to dismiss his suit or action, he is not re-
quired to state it; for if the motion be made before trial,
and in the absence of a counterclaim pleaded as a defense,
the trial court is without discretion in the matter, and
must give the judgment requested.

It is maintained by defendant's counsel that the court,
in allowing the plaintiffs' motion to amend their complaint,
was authorized to impose upon them such terms as were
proper; and having, in the same order, permitted the de-
fendant to file an amended answer, no error was com-
mitted in denying the motion for a judgment of nonsuit.
The statute permits the court, at any time before trial,
in furtherance of justice, and upon such terms as may be
proper, to allow any pleading to be amended: Hill's Ann.
Laws, § 101. If it be assumed that the court, in permit-
ting the plaintiffs to amend their complaint, had the power
to impose, as a condition of such permission, that the de-
fendant should have the corresponding right to file an
amended answer, such condition precedent is not specified
in the order allowing the amendments, and hence the plain-

tiffs, by accepting the advantages thereby conferred, are not limited by any restrictions.

2. It is also claimed that, if error was committed in denying the motion for the nonsuit, the plaintiffs waived such error by offering testimony relevant to the issues after the motion was overruled. It is held by some courts that when a defendant's motion for an involuntary nonsuit has been overruled, and he thereafter offers evidence to establish his theory of the case, he thereby waives any error in overruling such motion. This legal principle, however, has no application herein, for the motion was not made by an adverse party, and is not for an involuntary nonsuit, and, besides, the rule insisted upon does not prevail in this state: *Carney* v. *Duniway,* 35 Or. 131 (57 Pac. 192, 58 Pac. 105).

3. True, the demurrer to the counterclaim presented an issue of law which, when considered by the court, was a trial, within the meaning of Hill's Ann. Laws, § 246, Subd. 1: *Hume* v. *Woodruff,* 26 Or. 373 (38 Pac. 191); but, the demurrer having been sustained, no counterclaim existed, and the plaintiffs, having eliminated from the record the original complaint by filing an amended pleading by leave of court *(Wells* v. *Applegate,* 12 Or. 208, 6 Pac. 770; *Hexter* v. *Schneider,* 14 Or. 184, 12 Pac. 668), were entitled, upon their motion therefor, to a voluntary nonsuit, in denying which the court erred: *Currie* v. *Southern Pac. Co.,* 23 Or. 400 (31 Pac. 963). The judgment is therefore reversed, and the cause remanded, with instructions to grant the nonsuit.          REVERSED.