Argued May 2; affirmed June 13, 1950

# CARLSON *v.* STEINER
220 P. (2d) 100

*Austin Dunn,* of Baker, argued the cause for appellant. On the brief were Dunn & Jackson, of Baker.

*Donald Verne McCallum,* of Baker, argued the cause and filed a brief for respondent.

Before Lusk, *Chief Justice,* and Brand, Rossman and Latourette, Justices.

BRAND, J.

This is an action by the plaintiff as lessee against the defendant lessor to recover damages on account of the failure of the defendant to furnish hot water and heat as required by the terms of the lease. The case was tried by the court without a jury and judgment was rendered in favor of the plaintiff. The defendant appeals and presents three assignments of error as follows: (1) The court erred in failing to allow the defendant's motion for nonsuit; (2) the complaint does not state facts sufficient to constitute a cause of action; (3) the judgment is not supported by the evidence. By the terms of a written instrument of 17 May 1945 the defendant leased to the plaintiff, a chiropractor, office space in the Weber Building in the city of Baker for a period of ten years commencing on 15 June 1945. The provision of the lease upon which the plaintiff relies is as follows:

"It is further understood and agreed and the said Lessor agrees to furnish to the said Lessee without additional charge, an adequate supply of hot and cold water at all times during the existence of this lease and also to furnish heat for the same demised premises from the heating apparatus of said building during the heating season, subject to the following express conditions; failure to obtain coal, or if any accident shall happen to said heating apparatus, whatever may be the cause thereof, said

lessor shall without unreasonable delay, repair the same and shall not be liable for any damage that may be sustained by the said Lessee by reason of the temporary failure to heat the premises occupied by him.''

As authorized by the lease, the plaintiff took possession of the premises and used them as his office, waiting room and treating rooms, in his profession as a chiropractor, and he installed partitions, electric wiring, equipment and fixtures at his own expense. The supplemental complaint alleges that commencing with the first day of July, 1947, and continuing down to 11 December 1948, the date of filing the supplemental complaint, the defendant, in violation of the covenants of the lease, failed to furnish adequate supplies of hot water and heat and that such failure was not occasioned "either by excusable failure to obtain coal or delay in repairing said heating apparatus.'' It is further alleged that plaintiff entered into the lease in reliance on said covenants and that he frequently demanded of the defendant that she furnish heat and hot water as agreed. The complaint alleges:

"That, by reason of defendant's failure to so provide an adequate supply of hot water and to so heat said premises, it has frequently become impossible for plaintiff to engage in his business and profession of chiropractic, particularly during the fall, winter and spring seasons, and that, on numerous occasions, patients and customers of plaintiff would enter said demised premises in quest of treatment for bodily ills and pains and leave shortly thereafter without having secured said treatment; that many of these patients and customers never returned to secure plaintiff's services, and have not done so until the present date; that, upon occasions, and because of said absence of hot water and heat, plaintiff has been forced thereby to refuse to treat

patients and customers and to send them elsewhere to obtain relief and treatment, and has thereby lost many fees and valuable patients and customers, to his damage in the sum of Two Thousand Five Hundred and no/100 ($2,500.00) Dollars; that, in addition thereto, plaintiff has suffered permanent loss and damage to his business and profession of chiropractic in the sum of not less than Three Thousand and no/100 ($3,000.00) Dollars."

It is further alleged that on or about the 10th day of December 1947, the plaintiff notified the defendant that his business was suffering by reason of the failure of the defendant to furnish heat and hot water as required by the lease.

■■ The defendant filed and the court denied a motion to make the allegations of damage more definite and certain. Upon denial of the motion, the defendant filed an answer amounting to a general denial of any breach of covenant or damage therefrom. No demurrer was filed in the circuit court. The question of the sufficiency of the complaint is raised in this court after the parties have gone to trial and after findings of fact, conclusions of law and judgment have been made and entered by the trial court. The findings of the trial court are the equivalent of a verdict by a jury. The complaint should now receive a liberal construction, and we think it should be upheld, notwithstanding the indefiniteness of the allegations of damage. *Kuhnhausen v. Stadelman*, 174 Or. 290, 148 P. 2d 239, 149 P. 2d 168; *Sullivan et al v. Carpenter*, 184 Or. 485, 199 P. 2d 655; *Keegan et al v. Lenzie*, 171 Or. 194, 135 P. 2d 717. The complaint expressly charges a breach of covenant, which, if proven, would entitle the plaintiff to nominal damages in any event. We hold that the complaint states a cause of action.

The defendant assigns as error the denial of a motion for nonsuit. As appears from the record the motion was stated as follows:

"* * * at this time the defendant moves for a judgment of non-suit and dismissal of the plaintiff's complaint, and for judgment for the defendant, on the ground and for the reason that the plaintiff has failed to make a case substantiating an action for damages in this matter."

We have serious doubts as to the sufficiency of the motion as made, to raise for decision in this court the question as to the alleged speculative character of the evidence of damage which is urged upon us in the appellant's brief. The motion did not even indicate to the trial court whether it was based on a failure to state a cause of action or to show a breach of covenant, or was based upon a failure to prove damages resulting from a breach. It has long been the rule that a motion for nonsuit must specify the grounds therefor, and unless it does so, the appellate court will not review the action of the trial court in denying the motion. *Ferguson v. Ingle,* 38 Or. 43, 62 P. 760; *Mollencop v. City of Salem,* 139 Or. 137, 8 P. 2d 783; *Ingalls v. Isensee,* 170 Or. 393, 133 P. 2d 614. Unless we are to weaken the authority of the cited cases by holding that a motion sufficiently "specifies" all deficiences, whether in the statement of the cause, the proof of the breach, or of causation or damage by merely making a shotgun assertion that the plaintiff has failed to make out a cause for the consideration of the jury, we cannot properly approve a motion couched in such general terms as a proper vehicle by which to bring up an alleged error of the trial court for review. Notwithstanding the apparent defect in the motion for nonsuit, we have concluded to decide the issue upon other

grounds. The entire argument of the defendant upon this issue is directed at the proposition that it was necessary for the court to use conjecture, speculation and imagination to arrive at a formula upon which to measure damages, and that the damages cannot be measured with required certainty. The defendant presents no substantial argument in opposition to the plaintiff's claim that the defendant did in fact breach her covenant to supply hot water and heat. The evidence is not only substantial, but overwhelming to the effect that there was such a breach of covenant. Since the defendant has properly deemed it unwise to argue that issue, we deem it unncessary to cite the evidence of such breach.

■ Since there was substantial evidence of breach of covenant on the part of the defendant, it follows as a matter of law that the plaintiff was entitled to have the issue submitted to the jury. Upon a finding by the jury of such breach of covenant the plaintiff would be entitled, at least, to nominal damages. *City of Rainier v. Masters,* 79 Or. 534, 154 P. 426, 155 P. 1197; *Smith v. Pallay et al,* 130 Or. 282, 279 P. 279; *Austin v. Bloch,* 165 Or. 116, 105 P. 2d 868. We have held that where a complaint seeks compensatory damages, the case will not be reversed and remanded for the sole purpose of enabling the respondent to recover nominal damages. *Kern et al v. Gentner et al,* 176 Or. 479, 159 P. 2d 190; and cases cited. Those cases are not applicable here. Our question is not whether we would reverse a case and remand it to permit a finding of nominal damages. On the contrary, the question is, whether the trial court erred in denying a motion for nonsuit. We hold that it did not err in this respect. Furthermore, we are of the opinion that there was some substantial evidence

of actual damage by reason of the defendant's failure to supply hot water and heat.

■ In reviewing the issue sought to be raised in the motion for nonsuit, we must consider the evidence in the light most favorable to the plaintiff. The plaintiff testified that the lack of heat and hot water seriously affected his business and impaired the efficacy of his treatments. Patients repeatedly complained of the cold. He testified that he turned patients away at times because of the cold and that he lost a minimum of two dozen patients by reason thereof. He testified further that during the period of cold, business slacked off and that he attributed the slackening of business to the fact that the patients were uncomfortable. The evidence disclosed the temperature during office hours varied from 50 degrees to 70 degrees and that only four times during the whole of the winter of 1947-48 did the temperature reach 70 degrees. Witness Freitag, a patient of the plaintiff testified:

"Q. You have continued to go to the Doctor in spite of the fact you found his place cold? A. I avoided going quite a few times because I didn't think I could take it. It was pretty chilly."

The same witness testified that if it was real cold, the doctor would suggest that he should not come for treatment. Witness Black testified that on one day "It was the coldest that I remember", and two ladies came to the doctor's office and he "turned them down", meaning, we think, refused to administer treatment. Witness Wheeler, a regular patient of the plaintiff testified:

"A. Yes, he said I could use my own judgment about coming back, because he didn't know if the place would be warm enough.

"Q. When was that? A. A couple of months ago.

"Q. What did you—what action did you take in regard to what he told you? A. I didn't go back because it was cold, and it is cold enough without undressing. I haven't been back.

"Q. Not since that time? A. No, because—

"Q. And that is because of the lack of heat? A. Yes.

"Q. Otherwise, you would have been. A. Yes, I definitely would have."

Witness Merkle testified that she was a regular patient of the plaintiff. We quote:

"Q. Have you been going to Dr. Carlson during last fall? A. Yes, this recent fall—yes, I have.

"Q. Did you observe more or less the same condition then? A. Early this fall, it was too cold and I didn't start taking treatments for that reason. The heat was so late being turned on."

Similar testimony was given by the witness Hatfield. Testimony of this sort, coupled with evidence concerning his usual charges, clearly presented a question for the jury on the issue of damages.

■ The propriety of granting a motion for nonsuit depends upon the situation at the time a motion is made. At that time the court had made no award of damages and the correctness of the court's estimate of the amount of damage, which appears in the findings of fact, has no bearing on the question raised by the motion for nonsuit. In *McLeod v. Pacific Telephone Co.*, 52 Or. 22, 94 P. 568, 95 P. 1009, the plaintiff sued for damages for failure of the defendant to notify the plaintiff of a long distance telephone call. The trial court

granted a nonsuit which was reversed on appeal. This court, by Chief Justice Robert S. Bean said:

> "There is much discussion in the brief of defendant as to the proper measure of damages, but that is a question which cannot safely be determined on a motion for nonsuit."

■ The question raised by the motion for nonsuit, assuming it to have been sufficiently specific, is whether there was any substantial evidence of breach of contract and of damage proximately resulting therefrom. We find there was substantial evidence of loss of business and that the motion for nonsuit was properly denied.

The evidence against which defendant directs his principal attack was of a different type from that which we have reviewed. Evidence was introduced showing the total earnings from plaintiff's practice for the year immediately preceding the period in controversy, and for the subsequent period of inadequate heat. On the basis of evidence concerning these periods, and the surrounding circumstances, the defendant argues that the plaintiff suffered no damage, or if damage was suffered, that the evidence thereof is too uncertain to permit of assessment in money. If the question were properly before us, it would present a difficult problem because the case concededly rests close to the borderline. On the one hand, authorities are cited which seem to follow the rule stated in the Restatement of the Law, Contracts, § 331, par. (1) which is as follows:

> "Damages are recoverable for losses caused or for profits and other gains prevented by the breach only to the extent that the evidence affords a sufficient basis for estimating their amount in money with reasonable certainty."

■ The rule thus stated is cited with approval in *Stubblefield et al v. Montgomery Ward & Co. et al,* 163

Or. 432, 96 P. 2d 774, 98 P. 2d 14; and see *Beisell et ux v. Wood et ux,* 182 Or. 66, 185 P. 2d 570. We have no doubt concerning the correctness of the Stubblefield decision, but the issues there do not resemble those in the case at bar. In that case damages were granted for breach of a construction contract and unskillful workmanship, resulting in the delay in the completion of a building. Damages were sought, based on the rental value of the building during the period of delay. The decision was that the plaintiffs had not shown that the loss of the rental value of their building as a completed structure was a result of the defendants' failure to complete it within a reasonable time. Loss of rental value has been held to be a proper measure of damage in some cases in which a tenant has been wholly deprived of the occupancy of leased premises, but that is not the situation in the case at bar. As opposed to the view that the evidence must afford a sufficient basis for estimating damages in money with reasonable certainty, it is argued that although the rule may have general validity it cannot be applied in all cases. In fact, the comment by the authors of the Restatement concerning section 331, supra, illustrates the limitations upon the rule. We quote:

"* * * Furthermore, there are cases in which the experience of mankind is convincing that a substantial pecuniary loss has occurred, while at the same time it is of such a character that the amount in money is incapable of proof. In these cases the defendant usually has reason to foresee this difficulty of proof and should not be allowed to profit by it. In such cases, it is reasonable to require a lesser degree of certainty as to the amount of loss, leaving a greater degree of discretion to the jury, subject to usual supervisory power of the court."

■ Decisions of this court illustrate and enforce the quoted comment. The proximate and causal relation between breach and damage must be established with reasonable certainty. *Parker v. Pettit,* 171 Or. 481, 138 P. 2d 592. But our court has, in general, adhered to the rule stated in *Krause v. Bell Potato Chip Co.,* 149 Or. 388, 39 P. 2d 363, as follows:

> "* * * The rule that damages, which are uncertain or contingent, cannot be recovered, does not apply to an uncertainty as to the amount of the benefit or gain to be derived from the performance of a contract, but to the uncertainty or contingency as to whether there would be any such gain or benefit derived at all * * *".

To the same effect see *Blagen v. Thompson,* 23 Or. 239, 31 P. 647; *Bredemeier v. Pacific Supply Co.,* 64 Or. 576, 131 P. 312. It appears further that the rule, as stated in section 331 of the Restatement, has not been considered inconsistent with the rules set forth in the cited Oregon cases. *Randles et al v. Nickum & Kelly S. & G. Co.,* 169 Or. 284, 127 P. 2d 347. When the objection that damages are speculative is raised, much depends on the facts of the particular case, and some discretion is undoubtedly vested in the trier of the facts. The following cases indicate the liberality with which the rule concerning alleged speculative damages has been applied in cases similar to the one at bar: *Fields v. Western Union Telegraph Co.,* 68 Or. 209, 137 P. 200; *Anderson v. Columbia Contract Co.,* 94 Or. 171, 184 P. 240, 185 P. 231; *Brown v. McCloud,* 96 Or. 549, 190 P. 578; *Blanchard et al v. Makinster et al,* 137 Or. 58, 290 P. 1098, 1 P. 2d 583; *Bredemeier v. Pacific Supply Co.,* supra. See also the following cases from other jurisdictions: *Oscar v. Sackville,* Tex. (Civ. App.), 253 S. W. 651; *Graham Hotel Co. et al v. Garrett,* Tex.

(Civ. App.), 33 S. W. 2d 522; *McDuffee v. Colwell*, 207 Mich. 154, 173 N. W. 355; *Coleman Const. Co. v. Boomgaarden*, 170 N. Y. S. 25; *Nemrow v. Assembly Catering & Supply Co.*, 106 N. Y. S. 109.

 We have deemed it proper to point out the controlling considerations as determined by the cited cases on which, in part, the litigants rely. The plaintiff, however, points out that the trial was before the court without a jury; that findings of fact were made and that the defendant neither made objections to the findings nor requests for other and different findings. The trial court made a finding of fact to the effect that the plaintiff lost revenue by reason of the defendant's breach of contract to the amount of $1,227.42. The defendant attempts to raise the objection concerning the speculative character of the damages awarded, by his third assignment of error, to the effect that the judgment is not supported by the evidence. Under the ruling of the recent case of *Consolidated Freightways v. West Coast Fast Freight*, 188 Or. 117, 212 P. 2d 1075, 214 P. 2d 475, that question is not before us for consideration because it was not raised in the manner required by the statute, O. C. L. A., § 5-502, and the decisions of this court construing the same. Assuming, without deciding, that at least a portion of the damages awarded were based upon the evidence of a purely speculative nature, the fact remains that it is not error alone, but error legally excepted to which constitutes grounds for reversal. In view of the failure to submit objections to the findings of fact or to request other or different findings within the time allowed, or at all, the question as to the alleged speculative character of the damages or the measure thereof is not before us for review. The judgment is affirmed.