Submitted June 2, affirmed June 15, 1960

# SCHNELL *v.* MULLEN

353 P. 2d 567

Hibbard, Jacobs & Caldwell, Oregon City, filed a brief for appellant.

Philip A. Levin, Portland, and Jack, Goodwin & Santos, Oregon City, filed a brief for respondent.

Before McALLISTER, Chief Justice, and ROSSMAN, WARNER, PERRY, SLOAN and O'CONNELL, Justices.

McAllister, C. J.

This is an action to recover damages for personal injuries sustained by plaintiff, Lila A. Schnell, while riding as a guest in an automobile driven by William John Lenz. Lenz died while this action was pending in the trial court and the administratrix of his estate was substituted as defendant. The jury returned a verdict for plaintiff in the sum of $20,000, the maximum amount permitted by statute (ORS 30.080), and judgment was entered on the verdict. Defendant then moved for judgment in her favor notwithstanding the verdict for plaintiff. The motion was allowed, the judgment for plaintiff set aside and a judgment entered for defendant. Plaintiff appeals.

Plaintiff, a widow, had been staying with her brother at Brightwood on the Mt. Hood Loop Highway. She wished to visit a friend who lived on the highway east of Brightwood and arranged for a ride with Lenz. Plaintiff met Lenz during the evening at a tavern in Brightwood and rode with him to see her friend. After a short visit, plaintiff and Lenz started the return trip to Brightwood at about 9:30 o'clock p. m. Up to that time there had been nothing out of the ordinary or unusual in the manner in which Lenz operated the automobile. Before reaching Brightwood, however, Lenz permitted his car to veer gradually onto the left side of the highway where it collided head-on with a car traveling in the opposite direction.[1]

---

[1]
Concerning the accident, plaintiff testified as follows:
"Well, I noticed first that Bill was on the yellow line, and I didn't think anything of that, but we went over it a little farther; he kept going over a little farther, probably for the—I don't know just exactly the distance he did that, but I noticed he was going over farther all the time, and I still thought he would get back in his own lane, so I didn't say anything, but when I seen he didn't, I hollered, 'Bill,'—I don't know what else I said. I think—I know I hollered, 'Bill,' and I seen another car coming, but it seemed to be, oh, I don't know what distance, but quite far away, but we were over on that side so far, that

Except for the testimony of the plaintiff, the only evidence concerning the accident was given by the police officer who arrived on the scene after the accident had occurred. He testified that the Lenz car was standing on the wrong side of the highway and that the collision was "as near a perfect head-on as you could find in an accident." When the officer arrived he found Lenz behind the wheel of his automobile, conscious, "almost laughing, actually laughing," and seemingly "very unconcerned." The officer detected liquor on Lenz's breath. There was evidence that Lenz was seriously ill with cancer and had had "several bad spells."

This case normally would turn on whether plaintiff had proved a prima facie case of gross negligence under our guest statute, ORS 30.110. However, because of the death of Lenz before trial in the court below, this case turns on the construction of ORS 30.080, which reads as follows:

> "Causes of action arising out of injury to or death of a person, caused by the wrongful act or negligence of another, shall not abate upon the death of the wrongdoer, and the injured person or the personal representatives of one meeting death, as above stated, shall have a cause of action against the personal representatives of the wrongdoer; however, the injured person shall not recover judg-

---

I still thought if he had pulled the car over when I hollered at him that he could have avoided hitting the other car.

"Now, at the time you hollered, 'Bill,' you concluded that he could have made it back to his own side, Mrs. Schnell?

"I really think he could have, Mr. Jacobs. I think he could have pulled back into his own lane, because it seemed like a few seconds elapsed before we had that head-on collision.

"* * * * *.

"You noticed no slowing up of the car from the time you hollered until the time of the impact?

"No, Mr. Jacobs.

"Or any swerving of the car to the right or to the left?

"No, he seemed to be headed right for the other car in the eastbound lane.".

ment except upon some competent satisfactory evidence other than the testimony of the injured person, and the damages recoverable under this section shall not exceed $20,000, which may include a recovery for all reasonable expenses paid or incurred for funeral, burial, doctor, hospital or nursing services for the deceased." (Italics supplied)

Plaintiff contends that the italicized portion of the above statute only required her to produce competent satisfactory evidence tending to corroborate the testimony of plaintiff. Defendant, on the other hand, contends that the statute required plaintiff to prove, with evidence other than her own testimony, a prima facie case sufficient to go to the jury.

■■ This case is controlled by our recent decision in *DeWitt v. Rissman*, 218 Or 549, 346 P2d 104, which held that in an action for personal injury against the estate of a deceased tort-feasor, the injured person may not recover judgment unless he presents a prima facie case sufficient to go to the jury by evidence other than his own testimony.

Plaintiff concedes in her brief that the evidence other than her own testimony was not sufficient to make out a prima facie case.[2] Under these circumstances it is not necessary to consider whether all of the evidence, including plaintiff's testimony, makes a prima facie case under the guest statute.

The judgment is affirmed.

---

[2] Concerning the evidence other than her own testimony, plaintiff's brief states:

"Such testimony, it must be conceded, is merely corroborative of the plaintiff's own testimony. Standing alone, Officer Bloom's [Blum's] testimony does not make out a case of gross negligence upon the part of decedent, or for that matter, even ordinary negligence, as there is no explanation as to why the automobile happens to be on the wrong side of the road. Officer Bloom's [Blum's] testimony, therefore, is merely corroborative of the plaintiff's testimony."