Argued September 10, reargued December 2, 1963, affirmed
January 22, 1964

# VANCIL *v.* POULSON

388 P. 2d 444

*Reginald S. Williams,* Salem, argued the cause for appellant. On the brief were Osterman & Williams, Salem.

*Francis E. Marsh,* McMinnville, argued the cause for respondent. With him on the brief were Marsh, Marsh, Dashney & Cushing, McMinnville, and Frederic W. Young, Portland.

Before MCALLISTER, Chief Justice, and ROSSMAN, PERRY, SLOAN, O'CONNELL, GOODWIN and DENECKE, Justices.

DENECKE, J.

■ This is an action against a decedent's representative for personal injuries caused by an automobile accident. Because of the death of the alleged wrongdoer the plaintiff must prove his claim "upon some competent satisfactory evidence other than the testimony of the injured person." ORS 30.080.

This statute requires that "the injured person may not recover judgment unless he presents a prima facie case sufficient to go to the jury by evidence other than his own testimony." *Schnell v. Mullen,* 222 Or 454, 457, 353 P2d 567 (1960); *DeWitt v. Rissman,* 218 Or 549, 346 P2d 104 (1959). The defendant assigns as error the denial of her motions for nonsuit and directed verdict and urges as a ground for such assignments that plaintiff failed to establish a prima facie case by evidence apart from his own testimony. Before considering this ground, however, we first must determine whether it properly can be asserted on appeal. Plaintiff strongly urges that it cannot be because it was not asserted as a ground at the time the motions for nonsuit and directed verdict were made.

At the close of plaintiff's case-in-chief defendant moved for an involuntary nonsuit:

"* * * on the following ground and for the following reasons: The plaintiff's own testimony shows contributory negligence as a matter of law in failing to maintain a lookout, through his own evidence. Also, there is not sufficient evidence here to go to the jury and no prima facie case has been made out sufficient to overcome the presumption of the lack of negligence on the part of this deceased defendant. There is no presumption at all to the effect that negligence is not presumed, and the law presumes and gives its presumption—that is, evidence that there was no negligence on the part

of the decedent driver of an automobile. And the evidence here is insufficient to take this to the jury. There is no positive evidence, except by inference, that the decedent—the defendant decedent, was in any way negligent in any of the particulars alleged in the complaint, and such an inference is, by no means, sufficient to overcome the presumption of lack of negligence that the law holds for this deceased defendant."

This motion was denied.

At the close of all the evidence defendant moved as follows:

"* * * we move for a directed verdict in favor of the defendant on these grounds: First, there is no affirmative evidence of any negligence on the part of the decedent—of the defendant executrix which proximately caused the collision between the vehicle occupied by the late Mr. Poulson and that occupied and operated by the plaintiff Daryl Vancil. Further, on the ground that there is an affirmative and uncontradicted evidence, both from the plaintiff's own case in chief and from the defendant's case in chief, which affirmatively shows that the plaintiff was guilty of contributory negligence in operating his vehicle on his own left side of the marked center line separating the two lanes for travel on Highway 212 at the time and place of the collision, and that this negligence necessarily contributed to the cause of the collision and the injury and damage suffered by the plaintiff. Negligence, of course, is never presumed. There is a long line of authority on that."

This motion was also denied.

Neither of these motions specifically refer to ORS 30.080 or to the fact that in a claim against a decedent there must be a prima facie case established by evidence other than the testimony of the claimant. De-

fendant made no argument in support of the motion for a nonsuit. There was a brief exchange between the court and the defendant's counsel after the motion for a directed verdict:

"* * * [defendant's counsel] Negligence, of course, is never presumed. There is a long line of authority on that [end of the motion].

"THE COURT: Well, that's part of my instructions: 'Negligence is never presumed, but he who charges negligence must prove it by the preponderance of the evidence.'

"MR. WILLIAMS: And there just hasn't been any proof of negligence on the part of the decedent.

"THE COURT: I don't know, I thought the plaintiff here testified that this accident took place on his side of the road and that Mr. Poulson was on his side of the road, and that he was on his own side of the road when the accident happened. I think that was his testimony, wasn't it?

"MR. WILLIAMS: Certainly the physical facts following that certainly refute that and if he did so testify,—he also testified that he had no recollection, particularly, about it.

"THE COURT: After the accident happened?

"MR. WILLIAMS: Either when it occurred or after the accident itself."

If there were any requested instructions by the defendant, they are not in the record. The trial court did not instruct the jury to the effect that they could only find the decedent negligent if they found evidence of such negligence, apart from plaintiff's testimony. No exception was taken to the court's failure to so instruct.

The contention that the plaintiff must make a prima facie case by evidence apart from his own testimony

was specifically made for the first time in defendant's motion for a judgment notwithstanding the verdict. In denying this motion the trial court stated:

"Sub-paragraph A of the second ground set forth in the defendant's Motion as argued presents the only real question in this matter. There is no question relative to the law being as is stated in O. R. S. 30.080 to the effect that an injured person shall not recover judgment except upon some competent satisfactory evidence other than the testimony of the injured person. However, I do not feel that this question was presented to the Court upon the defendant's Motion for an involuntary nonsuit.
\* \* \*
"\* \* \* \* \*

"\* \* \* I thought at that time and I still do —that there was testimony on the part of the plaintiff that at least made out a prima facie case of negligence upon the part of Mr. Poulson. Nowhere in his Motion was Section 30.080 O. R. S. mentioned nor was the proposition in any way presented to the Court that there was no satisfactory evidence in the record besides the testimony of this plaintiff. Consequently, the Court did not consider this matter at that time because it was not in any way presented to the Court.

"The Supreme Court in the case of Edvalson vs Swick, 190 Ore at Page 478, uses this language: 'It is well settled that the motion of an adverse party for a nonsuit or for a directed verdict must specify the grounds therefor; and that when such a motion is denied, the grounds stated therein are conclusive on the moving party, and he may not urge for the first time on appeal additional grounds for the motion.' \* \* \*
"\* \* \* \* \*

"These are the only grounds set forth in the Motion for a directed verdict and the holding in the case of Edvalson vs Swick is also applicable to a Motion for a directed verdict. \* \* \*"

■■ An appellant cannot assert on appeal grounds for his motion for nonsuit or directed verdict which were not asserted when the motions were made at the trial. *Edvalson v. Swick,* 190 Or 473, 227 P2d 183 (1951). A motion for a judgment notwithstanding the verdict cannot be granted upon grounds not previously asserted in the motion for a directed verdict. ORS 18.140(1); See *McCormick v. Williams, Jr.,* 199 Or 66, 69, 255 P2d 1071 (1953).

The question, then, is whether the defendant advanced, as a ground for either of her motions, the proposition that plaintiff could not recover because he had not established a prima facie case of negligence by evidence apart from his own testimony. It appears that the defendant did not have such ground in mind when the motions were made. The trial court was of the same opinion. The entire motions and the brief colloquy between court and counsel convince us that defendant was urging that all of plaintiff's evidence, including the testimony of the plaintiff, did not make out a case of negligence against the defendant.

■ The reason for the procedural rule that an appellate court will not consider a ground for a motion for a nonsuit or a directed verdict that was not asserted at the time the motion was made is apparent. An appellate court is a court of review. It reviews decisions on legal issues made by the trial court. The trial court in turn decides legal questions presented to it by the parties. Most of the trial court's rulings of law are not appealed; they are final. The parties are relatively satisfied to have one court, acting impartially and conscientiously, decide the question presented to it. Appellate courts should not decide new

issues upon which the trial court had no opportunity to rule.

■ The ground stated by the defendant is so general that it could encompass the specific contention now made by defendant. "There is not sufficient evidence here to go to the jury" is a phrase that can include almost any possible contention that any defendant could advance. It apprises the trial court of nothing except defendant's belief that plaintiff has not made a sufficient case to go to the jury and no statement of grounds is necessary for that purpose. To hold that such motion sufficiently presented to the trial court the proposition that plaintiff could not recover because he had not made a prima facie case apart from plaintiff's testimony would reach a result contrary to the reason behind the rule we are attempting to apply. The specific issue was never presented to the trial court, and that should be the only test.

The closest precedent is *Oja v. LeBlanc,* 185 Or 333, 340, 203 P2d 267 (1949). The plaintiff pedestrian was struck by defendant's car while he was walking on or near the highway. There was a question whether the plaintiff was on or off the highway when he was struck. The motion for a nonsuit was as follows:

> " 'Mr. Morrison: The Court please, at this time the defendant moves for a judgment of involuntary nonsuit on the ground and for the reason that the evidence does not state a cause of action and that there is no evidence or [of] negligence which would be a proximate cause of the accident. The evidence of the plaintiff leaves the jury entirely in the realm of speculation. The plaintiff which— the complaint which the plaintiff is bound by, states that he was standing off the paved portion of the highway and the driver of this car ran off the highway and struck him. Therefore, if he was stand-

ing on the highway, he would be guilty of contributory negligence as a matter of law, and I move that as one of the grounds for judgment of involuntary non-suit on the ground that the evidence shows he was either guilty of contributory negligence as a matter of law or leaving the matter entirely in the realm of speculation because the witness testified he was standing at the time of the accident and he doesn't know whether he was standing on the pavement or off the pavement; * * *.' " (185 Or at 340)

This court commented thereon as follows:

"The theory of the defendant as disclosed by his motion for nonsuit appears to have been that the dividing line between liability and nonliability was the edge of the pavement. Defendant contends that if plaintiff was on the pavement he was guilty of negligence as a matter of law. The motion does not present any contention that plaintiff might also be guilty of contributory negligence by standing on the shoulder within a foot or two of the pavement, dressed in dark clothes, at ten o'clock P.M., with his back to a car which he knew was approaching from his rear, on his, and its side of the highway. *Since no such contention was presented to the trial court, we are not required to consider it here.* * * *" (185 Or at 341) (Emphasis added.)

The court held that, when the defendant moved for a nonsuit on the ground that the plaintiff was contributorily negligent and indicated his theory that plaintiff was contributorily negligent because he was standing on the highway, the defendant cannot on appeal urge that the plaintiff was contributorily negligent because he was standing near the pavement.

In *Carlson v. Steiner,* 189 Or 255, 260, 220 P2d 100 (1950), defendant's motion of nonsuit was " 'on the ground and for the reason that the plaintiff has failed

to make a case substantiating an action for damages in this matter.' " This court said of this motion:

"We have serious doubts as to the sufficiency of the motion as made, to raise for decision in this court the question as to the alleged speculative character of the evidence of damage which is urged upon us in the appellant's brief. The motion did not even indicate to the trial court whether it was based on a failure to state a cause of action or to show a breach of covenant, or was based upon a failure to prove damages resulting from a breach. It has long been the rule that a motion for nonsuit must specify the grounds therefor, and unless it does so, the appellate court will not review the action of the trial court in denying the motion. *Ferguson v. Ingle,* 38 Or. 43, 62 P. 760; *Mollencop v. City of Salem,* 139 Or. 137, 8 P.2d 783; *Ingalls v. Isensee,* 170 Or. 393, 133 P.2d 614. Unless we are to weaken the authority of the cited cases by holding that a motion sufficiently 'specifies' all deficiencies, whether in the statement of the cause, the proof of the breach, or of causation or damage by merely making a shotgun assertion that the plaintiff has failed to make out a cause for the consideration of the jury, we cannot properly approve a motion couched in such general terms as a proper vehicle by which to bring up an alleged error of the trial court for review. * * *"

However, the court did not decide the case upon the ground that the motion was insufficient.

In *Culver v. Van Valkenburgh,* 60 Or 447, 450, 119 P 753 (1912), the motion for nonsuit was " 'for the reason that the plaintiff has not proven a sufficient case against the defendant, M. Van Valkenburgh, to be submitted to the jury.' " There, the court commented:

"* * * This motion was submitted and considered at the hearing, without objection to its in-

definiteness, and was sustained by the court. The ground of the motion relied upon by defendant was fully understood by counsel for plaintiff, as well as by the court, and the objection to it for insufficiency is raised here for the first time, and the objection is without merit. *If the trial court had denied the motion, and defendants had appealed, the insufficiency of the form of the motion, as the basis of relief here, which was denied them in the lower court, could have been insisted upon, as held in Ferguson v. Ingle, 38 Or. 43 (62 Pac. 760).* * * *"* (Emphasis added.)

We hold that the defendant did not assert as a ground for either of her motions the proposition that the plaintiff cannot recover against the alleged deceased tortfeasor because the plaintiff did not prove a prima facie case apart from the plaintiff's own testimony. Therefore, defendant cannot assert that ground on appeal.

■ It is difficult to frame a principle to apply in determining whether a party has been sufficiently specific in the recitation of his grounds for his motion. If a statute is relied upon, its basic requirements should be stated; for example, "on the ground that the action is barred because it was commenced more than two years after the cause of action accrued." If a common-law principle is relied upon, enough should be stated so that a reasonable trial court would know to what principle counsel was referring; for example, "on the ground that the doctrine of res ipsa loquitur does not apply and plaintiff has failed to prove any specific acts of negligence upon the part of the defendant." The specificity required is best determined by consideration of the reasons for the rule,—to give the trial court the opportunity to rule upon the particular issue

and to apprise one's opponent what particular deficiency of proof is asserted.

At the oral argument on appeal defendant's counsel, in response to a question from the court, stated that the personal representative could not waive this right that a judgment against a personal representative cannot be obtained unless there is competent satisfactory evidence other than the testimony of the injured party. This court and other jurisdictions have held that the personal representative cannot waive a special statute of limitations or a nonclaim statute. ORS 116.555 states: "No claim which is barred by the statute of limitations shall be allowed by any executor, administrator or court." *Branch v. Lambert,* 103 Or 423, 440, 205 P 995 (1922), held that a personal representative could not waive this statute by a failure to plead it. *Branch v. Lambert,* supra, stated that, except for this special statute, the general statute of limitations can be waived. This court has not previously decided whether the quantum-of-proof provision of the survival statute, ORS 30.080, or the claims-against-estates statute, ORS 116.555, can be waived.

The reason that the Oregon statute requires satisfactory evidence of a claim against the estate, apart from that of the claimant, is "to withhold full effect from the testimony of a survivor when the other party to the transaction has been silenced by death." *In re Hattrem's Estate,* 170 Or 613, 632, 135 P2d 777 (1943) (referring to what is now ORS 116.555).

The legislatures of some other states have acted more drastically; they have declared that a claimant against an estate is an incompetent witness and his testimony is inadmissible in the proceeding in which he seeks allowance of his claim. Jurisdictions with

such legislation have uniformly held that the personal representative may waive such inadmissibility. *McHugh v. Dowd,* 86 Mich 412, 49 NW 216 (1891) (held to the contrary); *Barbier v. Young,* 115 Mich 100, 72 NW 1096 (1897) (impliedly overruled *McHugh v. Dowd,* supra; waiver by failure to object to claimant's testimony); *Ess v. Griffith,* 139 Mo 322, 40 SW 930 (1897); *Lohman v. Lohman,* 29 Cal2d 144, 173 P2d 657 (1946) (wavied by failing to specify as ground for a motion); *Chapman v. Booth,* 71 Idaho 359, 232 P2d 668 (1951) (waived by failure to object to claimant's testimony); *Startin v. Madsen,* 120 Utah 631, 237 P2d 834 (1951) (waived by personal representative as to facts and transactions about which the personal representative introduced evidence in denial of claim).

■■ These decisions from other courts are persuasive, and we hold that the personal representative can waive the statutory provision requiring that an injury claim against an alleged tortfeasor who is deceased must be proved by competent satisfactory evidence other than the testimony of the injured person. We further hold such waiver occurred here when the personal representative failed to assert as a ground for her motions for nonsuit and directed verdict this statute or make any reference to its provisions.

■ Defendant asserts plaintiff was contributorily negligent as a matter of law in regard to his lack of lookout. This was a head-on collision. Plaintiff testified he saw the decedent's car for the first time, "just before we hit. * * * It must have been 50 feet, or could have been closer. * * * It was there all of a sudden. I don't know where it came from." He testified he was looking straight ahead; that he had looked to the left. Defendant urges that plaintiff must be

contributorily negligent because he did not see the decedent's car until just before the impact.

Plaintiff's theory of the case, which has support in the evidence, is that the decedent turned onto the highway just an instant before the collision occurred. This would fully explain why plaintiff would not have seen the decedent's car until just before the impact. Plaintiff's negligence was properly left to the jury.

Defendant urges us to overrule *Thomas v. Dad's Root Beer, Etc.*, 225 Or 166, 169, 356 P2d 418, 357 P2d 418 (1960). We there held that an investigating officer, who was not an eye witness to the collision, could not give opinion evidence placing the point of impact. We adhere to that holding.

Judgment affirmed.

PERRY, J., dissents.