Argued June 7, modified and remanded September 12, 1978

# PORTLAND MACHINERY CO., *Respondent,*
## *v.*
# SISTIG, *Appellant.*
## (No. 421-375, SC 25450)

583 P2d 536

Thomas L. Gallagher, Jr., Portland, argued the cause for appellant. With him on the briefs was John R. Faust, Jr., Portland.

Ralph Bolliger, of Bolliger, Hampton & Tarlow, P.C., Beaverton, argued the cause and filed the brief for respondent.

Before Denecke, Chief Justice, and Tongue, Bryson and Linde, Justices.

DENECKE, C. J.

## DENECKE, C. J.

The only issue concerns the trial court's awarding plaintiff attorney fees and expenses which the court had granted as a condition to allowing defendant's request for a postponement of trial.

Plaintiff filed this action against the defendant, a Seattle concern, for the purchase price of a piece of equipment which the plaintiff sold defendant. At the time set for trial, it developed that defendant's principal defense was going to be a breach of warranty. Defendant had not pleaded such defense and therefore would not be permitted to make such defense. Defendant, through his attorney, a Seattle attorney admitted in Oregon for this case only, moved to amend. Plaintiff objected, asserting it was not prepared to go to trial on a defense of breach of warranty, and contended that the defendant should not be given a continuance because defendant had been previously alerted by plaintiff that the defendant could not claim breach of warranty without affirmatively pleading such a defense.

The trial court decided to grant the postponement, but only upon the condition that defendant pay any additional attorney fees and expenses that plaintiff incurred because of the postponement. The trial court asked the parties if they could agree at that time on a figure, but the defendant asked the trial court to make the determination at that time. The plaintiff responded that it did not know at that time what its additional expenses and fees would be. The trial court thereafter made a written order of postponement which stated, in part:

"It is further ordered that plaintiff have and recover from defendant on account of the continuance its actual expenses and additional attorney's fees incurred by reason of this continuance."

At a later trial, the plaintiff prevailed and thereafter submitted a cost bill, a portion of which recited, "* * * additional attorney's fees and actual expenses

incurred by reason of the continuance * * *. Attorney's fees . . . $6,413.00." Defendant filed objections, and a hearing was held. The trial court awarded plaintiff the fees and expenses it requested, and defendant appeals.

■ On appeal, defendant contends that ORS 20.110 limits the attorney's fees the trial court can order as a condition to postponement to $10. ORS 20.110 provides:

> "Upon an application to postpone a trial, the payment to the adverse party of a sum, not exceeding $10, as costs may be imposed by the court as a condition of granting the postponement, * * *."[1]

Assuming the section is applicable, the defendant cannot rely upon it because it was not made a ground for defendant's objection in the trial court.

The principle is the same as that in *Vancil v. Poulson,* 236 Or 314, 320, 388 P2d 444 (1964), in which we stated:

> "An appellant cannot assert on appeal grounds for his motion for nonsuit or directed verdict which were not asserted when the motions were made at the trial.* * *."

■ We held in *Vancil v. Poulson, supra,* at 325-26, that the defendant's failure to inform the trial court that ORS 30.080, providing that a claimant must prove his claim against a decedent by evidence other than the testimony of the claimant, waived the requirement of the statute. We similarly hold that the limitation of ORS 20.110 can be waived by failure of a party to bring the limitation to the trial court's attention.

In this case, not only did the defendant fail to mention ORS 20.110, he also accepted the obligation to pay some attorney's fees in order to have the trial postponed. He necessarily must have known that the attorney's fees would exceed $10.

---

[1]This was enacted in 1862, Deady's Code, Sec. 550, and should be reviewed.

■ The defendant also contends on appeal that the award of attorney's fees must be reversed because there was no evidence or stipulation to support the award. That objection also cannot be raised because it was not made to the trial court. The reason for the rule not permitting the appellate court to consider a ground not brought to the attention of the trial court is illustrated by this case. At the hearing on the objections to the fees, plaintiff had marked for identification an exhibit which apparently set out the detail of its claim for fees. It became apparent from defendant's argument that his objection was that under the court's order for continuance plaintiff was not entitled to fees for the work plaintiff contends was occasioned by the continuance.[2] Defendant was not objecting to any lack of supporting evidence. Apparently for this reason, plaintiff did not introduce this exhibit or any other supportive evidence.

■ The cost bill submitted by plaintiff contained an item "actual expenses incurred by reason of the continuance of trial * * *. Actual expenses . . . $652.67." The defendant objected to this item "in that the same is not itemized and is not in any manner substantiated or shown to be related to the court's herein order of July 16, 1978 * * *."

If these "actual expenses" are considered as "disbursements," as "disbursements" is used in the statute, the claim is inadequate because it is not itemized. ORS 20.210 provides:

> "* * * No disbursements shall be allowed to any party unless he serves * * * and files * * * a statement showing with reasonable certainty the items of all disbursements, * * *."

Plaintiff contends ORS 20.210 does not apply because this item of "actual expenses" is allowable because of an order of the trial court as a condition for postponement of the trial; it is not a claim for those "disbursements" which are authorized by statute. ORS

---

[2]Defendant does not make this contention on appeal.

20.020. Plaintiff submitted these "actual expenses" as part of a document plaintiff entitled "Statement of Costs and Disbursements" which appears to have been submitted pursuant to ORS 20.210. Assuming plaintiff is correct, fairness, if not a statute, requires that the plaintiff submit evidence of some sort of itemization of the claimed expenses.

Plaintiff contends it did furnish defendant with an itemized statement of costs and disbursements, but defendant failed to designate the itemization as part of the record. At the hearing on the cost bill, plaintiff had marked for identification Exhibit No. 1. The exhibit probably had items relating to the "actual expenses." The trial court indicated it could not consider the exhibit and it was not offered or received into evidence. Not being a part of the cost bill nor received into evidence in support of the cost bill, the exhibit is not part of the record, and the defendant had no obligation to attempt to have it included in the record.

Under these circumstances, the allowance of "actual expenses" in the amount of $652.67 as an item of "costs" was error, and the cause is remanded with instructions to the trial court to reduce the sum awarded by that amount.