Argued and submitted December 14, 2005, reversed and remanded
February 8, 2006

# Linda F. HAMILTON,
*Appellant,*

*v.*

# LANE COUNTY,
Rob Rockstroh, Grant Nelson,
David Williams, and Pamela Hessman,
*Respondents.*

16-02-20072; A125189

129 P3d 235

William D. Stark argued the cause and filed the briefs for appellant.

John F. Kilcullen argued the cause for respondents. With him on the brief was Brown, Roseta, Long, McConville & Kilcullen.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum,* Judges.

HASELTON, P. J.

---

* Rosenblum, J., *vice* Ceniceros, S. J.

## HASELTON, P. J.

Plaintiff appeals, assigning error to the trial court's allowance of defendant Lane County's motion for a judgment notwithstanding the verdict (JNOV).[1] ORCP 63 A. As explained below, we conclude that the trial court erred in granting the JNOV based on grounds not previously raised in a motion for a directed verdict. *Vancil v. Poulson*, 236 Or 314, 320, 388 P2d 444 (1964). Accordingly, we reverse and remand.

The following procedural history of the case is undisputed. Plaintiff brought this action against the county and others alleging claims of discrimination and retaliation under Title VII of the Civil Rights Act of 1964 (42 USC section 2000e), 42 USC section 1981, 42 USC section 1983, and ORS 659A.230. In her complaint, plaintiff sought economic damages in the amount of $20,000, noneconomic damages in the amount of $250,000, and punitive damages in the amount of $250,000.

The case was tried to a jury.[2] At the close of evidence, defendant moved for a directed verdict pursuant to ORCP 60. Defendant argued, in part, that plaintiff had not presented legally sufficient evidence of conduct permitting an award of punitive damages. Defendant did *not* argue that, as a matter of law, it was "immune" from liability for punitive damages under Title VII, section 1981, or ORS 659A.230. The trial court denied the motion for a directed verdict.

The jury subsequently returned a verdict that (1) found that defendant was liable under Title VII, section 1981, and ORS 659A.230; (2) awarded no compensatory damages on any claim; but (3) awarded plaintiff punitive damages against defendant in the amount of $50,000.[3]

---

[1] In addition to the county, individual county employees were also named as defendants. However, none of the issues on appeal relates to those individuals. Consequently, "defendant" in this opinion refers to the county alone.

[2] Before trial, plaintiff had dismissed the section 1983 claim against defendant.

[3] The jury had been instructed that it could award punitive damages "if the plaintiff prevails on any of the claims" against defendant, but was not explicitly instructed that it could not award punitive damages unless it first awarded compensatory damages. Similarly, the special verdict form completed by the jury did not include such an admonition.

Before the verdict was received and the jury discharged, defendant objected to the verdict, arguing, in part, that (1) defendant could not be liable for punitive damages unless the jury also awarded compensatory damages; and (2) as a matter of law, under the pertinent statutes, defendant was "immune" from punitive damages. Plaintiff responded that the case should be resubmitted to the jury with instructions regarding the necessity of compensatory damages. Defendant, however, opposed that suggestion, arguing that it was entitled, as a matter of law, to entry of judgment without any award of punitive damages.

As the trial court and the attorneys explored the procedural options, defendant, upon apparent reconsideration of its objections, stated, "If the plaintiff will accept the verdict, the county will accept the verdict." Plaintiff declined that offer and, again, suggested that the trial court resubmit the case with instructions concerning compensatory damages. Ultimately, the trial court decided not to resubmit the case and discharged the jury.

The trial court subsequently entered a judgment in favor of plaintiff awarding her $50,000 in punitive damages. Defendant filed a timely motion for JNOV, ORCP 63, and a motion to reduce punitive damages, ORS 31.730(3).[4] Defendant did *not* file an alternative motion for new trial with the motion for JNOV.

Defendant's JNOV motion was based on four alternative grounds: (1) defendant, as a "public body," is immune from punitive damages on any of plaintiff's claims; (2) punitive damages cannot be awarded without a predicate award of compensatory damages; (3) (renewing defendant's directed verdict argument) plaintiff had failed to prove culpable conduct supporting an award of punitive damages; and (4) in all events, the award of punitive damages was unconstitutionally excessive. In its alternative motion to reduce punitive

---

[4] ORS 31.730(3) provides, in part:

"[U]pon the motion of a defendant the court may reduce the amount of any judgment requiring the payment of punitive damages entered against the defendant if the defendant establishes that the defendant has taken remedial measures that are reasonable under the circumstances to prevent reoccurrence of the conduct that gave rise to the claim for punitive damages."

damages, defendant relied on ORS 31.730(3), which allows a trial court to reduce an award of punitive damages upon finding that "the defendant has taken remedial measures * * * to prevent reoccurrence" of the harmful conduct. Defendant contended that, after the incident, it had taken immediate remedial measures to prevent further discrimination and retaliation.

The trial court granted defendant's motion for JNOV on the first two alternative grounds—*viz.*, "immunity" and "no compensatory damages"—while implicitly rejecting the other two grounds.[5] In addition, the court denied defendant's motion to reduce punitive damages as "moot":

"Based on the above decision, [concerning the JNOV motion], [defendant's] motion to reduce punitive damages is considered moot. Even if the Court did not grant the JNOV, [defendant] would be entitled to a reduction in punitive damages, since the record reflects that [defendant] took immediate remedial measures * * *."

Consequently, the trial court entered a general judgment in favor of defendant.

■ Plaintiff appeals, assigning error both to the allowance of defendant's JNOV motion and to the giving of one of defendant's requested jury instructions. At oral argument, plaintiff's counsel clarified that the second (jury instruction) assignment of error is "conditional" in the sense that plaintiff requests that we consider it only if we reject her first assignment of error pertaining to the allowance of the JNOV motion. Because we conclude that the trial court erred in granting the JNOV motion, we do not address the second assignment of error.[6]

---

[5] The trial court's rejection of the other alternative grounds is implicit from the fact that, rather that granting the JNOV motion on one ground, without reference to any other, the trial court predicated its ruling on two alternative grounds, *either* of which it deemed to be independently sufficient, but made no mention of the others. Thus, the trial court explicitly identified all alternative grounds that it endorsed.

[6] Plaintiff does not assign error to the trial court's refusal to resubmit the matter, with clarifying reinstruction, to the jury. *See generally Building Structures, Inc. v. Young*, 328 Or 100, 968 P2d 1287 (1998) (the proper procedure when a jury returns a verdict awarding punitive damages without compensatory damages is a motion to resubmit pursuant to ORCP 59 G(4)).

Plaintiff raises several challenges regarding the propriety of the allowance of the JNOV motion. We do not address those arguments because the trial court's ruling was erroneous for another, even more fundamental reason: The JNOV motion was granted on grounds not previously asserted in a motion for directed verdict.[7]

■ Motions for directed verdict and JNOV are governed by ORCP 60 and ORCP 63 A. ORCP 60 states, in part:

"Any party may move for a directed verdict at the close of the evidence offered by an opponent or at the close of all the evidence. * * * A motion for a directed verdict shall state the specific grounds therefor."

ORCP 63 A states:

"When a motion for a directed verdict, made at the close of all the evidence, which should have been granted has been refused and a verdict is rendered against the applicant, the court may, on motion, render a judgment notwithstanding the verdict, or set aside any judgment which may have been entered and render another judgment, as the case may require."

Under ORCP 63 A, a trial court cannot grant a motion for JNOV unless it has previously denied a motion for directed verdict. Specifically, and more particularly applicable to this case, "[a] motion for [JNOV] cannot be granted upon *grounds* not previously asserted in [a] motion for a directed verdict." *Vancil*, 236 Or at 320 (emphasis added).

Here, the trial court granted the JNOV motion on two grounds—public entity immunity and the necessity of predicate compensatory damages—that defendant had "*not* previously asserted in [a] motion for a directed verdict." *Id.* (emphasis added). Defendant could have raised its "immunity" ground at the time that it moved for a directed verdict, but failed to do so. Further, although defendant could not have raised the irreconcilability of the jury's compensatory and punitive damage determinations before the case was submitted to the jury, defendant could not, consistently with

―――――――――
[7] *See Stull v. Hoke*, 326 Or 72, 77, 948 P2d 722 (1997) (regardless of the parties' specific arguments regarding the construction or application of statute, the court is obligated to correctly construe and apply the statute).

ORCP 63 A, obtain a JNOV on that ground. Rather, in those circumstances, defendant was limited to seeking to "resubmit the matter [to the jury] with proper instructions" pursuant to ORCP 59 G(4),[8] or, if that request were denied, to seeking a new trial. *Building Structures, Inc.*, 328 Or at 110 (quoting *Smith v. J. C. Penney Co.*, 269 Or 643, 653, 525 P2d 1299 (1974)) (internal quotation marks omitted).[9] However, "a party waives that objection by failing to assert it 'while the jury is still on hand * * *.' " *Id.* (quoting *Smith*, 269 Or at 654).

Here, defendant successfully *opposed* resubmission to the jury in accordance with ORCP 59 G(4). Further, defendant did not seek a new trial. Rather, defendant sought only a JNOV or, alternatively, a reduction of punitive damages pursuant to ORS 31.730(3). Defendant's failure to move for a new trial in the alternative to its motion for JNOV effected a waiver of the new trial remedy. *See Goodyear Tire & Rubber Co. v. Tualatin Tire & Auto*, 325 Or 46, 53, 932 P2d 1141 (1997).

In sum, the trial court erred in granting defendant's motion for JNOV. Nevertheless, that does not compel outright reversal. As noted, the trial court, having granted the JNOV motion, deemed defendant's alternative motion under ORS 31.730(3) to be "moot." *See* 204 Or App at 151. Given our disposition, that matter is not moot. Accordingly, although we reverse the allowance of the JNOV, we remand for the trial court to address the merits of defendant's motion under ORS 31.730(3).

Reversed and remanded.

---

[8] ORCP 59 G(4) allows a jury to correct an "informal or insufficient" verdict upon a party's motion.

[9] The temporal and procedural posture of such an objection is akin to that of an objection to an award of damages as being unconstitutionally "excessive." *Parrott v. Carr Chevrolet, Inc.*, 331 Or 537, 558 n 14, 17 P3d 473 (2001) ("[A] party cannot challenge a verdict for punitive damages as excessive until *after* the jury renders its verdict. Therefore, that challenge properly is made by a motion for new trial * * *." (Citations omitted; emphasis in original.)).