Argued September 10; modified October 1, 1940

# AUSTIN *v.* BLOCH
### (105 P. (2d) 868)

*M. B. Meacham,* of Portland, for appellants.

*J. A. Jeffrey,* of Portland (F. H. Greenman, of Portland, on the brief), for respondent.

RAND, C. J. This is a suit to enjoin a trespass upon certain real property belonging to the plaintiff and to recover damages for injuries to said property. From a decree enjoining the trespass and awarding damages to the plaintiff, the defendants have appealed.

It appears from the evidence offered upon the trial that plaintiff owns and resides on the west half of lot 28, block 3, Albina, in the city of Portland, and that the defendant Bloch is the owner of the east half of said lot and has erected thereon a one-story concrete building adjoining plaintiff's said premises, in the construction of which the defendant Hansen was the contractor.

■ The undisputed evidence also shows that, while constructing the west wall of defendant Bloch's building, the workmen, against the protests of the plaintiff, entered upon her said property and cut off and removed a part of the eaves and cornices of her dwelling-house, and trampled down and destroyed the flowers and shrubs growing upon that part of plaintiff's said premises. The evidence also shows that the defendants erected wholly on plaintiff's said premises one of the forms into which the concrete for the west wall was poured, and attached and braced said form against plaintiff's house, and that, by reason thereof, the house was pushed over and the plaster therein cracked and fell to the floor and the house was otherwise injured and damaged. It also appears from the evidence that a part of said concrete wall was erected on plaintiff's premises and that a portion thereof overhangs her said premises.

Upon proof of these facts, the trial court properly granted to the plaintiff the injunctive relief prayed for in her complaint, and that part of the decree must be affirmed.

The court, however, entered a judgment in favor of the plaintiff for $520 as damages for the injuries resulting to the property from the wrongful acts of the defendants, above mentioned.

■ This judgment cannot be sustained for the following reason: Although those acts were clearly established by the evidence, there was not one syllable of proof offered to establish the amount of the damages caused thereby. Hence, while absolute certainty in proving the quantum of damages is never required, yet: "where the amount of damage is susceptible of proof, proof must be offered; and if in such a case no proof of the quantum of damages is offered, recovery can be had for a nominal amount only." 1 Sedgwick on Damages, 9 ed., section 171, and authorities there cited.

■ Where shrubs and flowers are destroyed, their value may be shown. The trial court allowed $20 for injury to the shrubs and flowers on plaintiff's property. There was no evidence offered whatever to establish their value. Where, because of the pressure exerted against the side of plaintiff's house, the plaster was cracked and caused to fall, evidence could be given of the cost of repairing the house, or the diminution of the market value of the house by reason of the injury could be shown. There was no such evidence in this case, nor was there any evidence offered to show the cost of repairing the outside of the house. And if, as contended for by the plaintiff, a part of the west wall of defendant Bloch's building was erected on plaintiff's premises, or if a part thereof overhangs her premises, evidence could be offered to establish the market value of her premises before the wall was built and how much such value has been diminished by the construction of the wall. The damages resulting from these acts were all

susceptible of proof and no attempt was made to prove the amount of any damages sustained by the plaintiff. In the absence of such proof, plaintiff was only entitled to recover nominal damages.

■ However, the evidence shows that plaintiff sustained considerable damages. For that reason and in order to prevent an injustice in the case, we deem it proper to affirm that part of the decree which restrains the defendants from committing any further acts of trespass on plaintiff's premises and to remand the case to the court below in order that plaintiff be given another opportunity to establish the amount of the damages she has suffered from the wrongful acts complained of in her complaint; the costs upon this appeal to abide the result of the suit.

■■ Since this case will be remanded for that purpose, another point should be mentioned. The plaintiff sets up in her complaint that the defendants, in constructing said building, deprived her of her window light on that side of the house and claimed damage therefor. This item was properly disallowed by the trial court upon the former hearing. The doctrine of the English common law that the enjoyment by the owner of a dwelling-house or building of light and air which is received laterally over the lands of another may ripen into a prescriptive right or create an easement, if continued for a given length of time, has never been recognized or adopted in this state. It is well settled that the making of a window in one's building on his own land and overlooking the land of his neighbor is no encroachment on his neighbor's rights and, therefore, cannot be regarded as adverse to him. Hence, no matter how long continued, the owner of the building acquires no prescriptive right or easement in his neighbor's land.

See 1 Am. Jur., § 49, p. 533; *Pierre v. Fernald*, 26 Me. 436, 46 Am. Dec. 573, and note commencing on p. 578; L. R. A. 1917C, annotation commencing on p. 1135; Tyler, Law of Boundaries, p. 542. This item of damage, therefore, must be disregarded.

For the purposes stated, this cause is remanded to the court below.

BELT, BAILEY and LUSK, JJ., concur.