On petitions for reconsideration filed October 11, 1990, plaintiff's petition allowed in part, denied in part; defendant's petition denied February 7, 1991

THE YAMAHA STORE
OF BEND, OREGON, INC.,
dba "The Yamaha Store,"
*Respondent on Review,*

*v.*

YAMAHA MOTOR CORPORATION, U.S.A.,
*Petitioner on Review,*

Benjamin H. JACQUES, Jr.
and Phillippe D. Jacques,
dba Bend Yamaha Snowmobile,
*Defendants.*

YAMAHA MOTOR CORPORATION, U.S.A.,
*Counterclaim Plaintiff,*

*v.*

Robert A NOSLER
and John A. Nosler,
*Counterclaim Defendants.*

(CC 32901-TM; CA A44218; SC S36613)

806 P2d 123

Peter C. Richter, William H. Walters, and Miller, Nash, Wiener, Hager & Carlsen, Portland, filed the petition for reconsideration and the response for Yamaha Motor Corporation, U.S.A.

R. L. Marceau and Marceau, Karnopp, Petersen, Noteboom & Hubel, Bend, filed the petition for reconsideration and the response for The Yamaha Store of Bend, Oregon.

Before Peterson, Chief Justice, and Carson, Gillette, Van Hoomissen, Fadeley, and Unis, Justices.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Plaintiff, The Yamaha Store of Bend, Oregon, Inc., and defendant, Yamaha Motor Corporation, U.S.A., each petition for reconsideration of different portions of our decision in *Yamaha Store of Bend, Inc. v. Yamaha Motor Corp.,* 310 Or 333, 798 P2d 656 (1990). Plaintiff argues that defendant should not have been awarded costs on review, and that it should have been awarded costs and attorney fees on review. Defendant argues that this court should not have remanded this case for a new trial on the issue of damages because plaintiff waived or abandoned its "lost profits" theory of damages, and that it is entitled to reasonable attorney fees on appeal. We allow plaintiff's petition in part, and deny defendant's petition.

Plaintiff sued defendant alleging that defendant had sold motorcycles to one of plaintiff's competitors in a manner that constituted price discrimination under ORS 646.040(1), breach of contract, and intentional interference with business and economic relations. At trial, on its price discrimination claim, plaintiff sought damages for 1982 model motorcycles under the "presumed damages" clause of ORS 646.160,[1] and for 1980 and 1981 model motorcycles under the "such further damages" clause of the same statute. The jury awarded plaintiff a verdict on its price discrimination and contract claims. On its price discrimination claim, presumed damages for the 1982 models were awarded separately from the damages on the 1980 and 1981 models. The trial court then entered a judgment trebling the price discrimination damages, and awarded plaintiff attorney fees, costs, and disbursements. The Court of Appeals affirmed. *Yamaha Store of Bend, Inc. v. Yamaha Motor Corp.,* 98 Or App 290, 779 P2d 1061 (1989).

On review, we affirmed on all issues of liability. We also affirmed plaintiff's award of presumed damages for the

---

[1] ORS 646.160 provides:

"In any proceedings instituted or action brought in pursuance of the provisions of ORS 646.140 or 646.150, the plaintiff, upon proof that the plaintiff has been unlawfully discriminated against by the defendant, shall conclusively be presumed to have sustained damages equal to the monetary amount or equivalent of the unlawful discrimination; and, in addition thereto, may establish such further damages, if any, as the plaintiff may have sustained as a result of the discrimination."

1982 models on its price discrimination claim. However, we held that the trial court had erred in allowing plaintiff to pursue a devaluation of inventory measure of damages on its price discrimination claim for the 1980 and 1981 model motorcycles and the same measure of damages on its breach of contract claim for all models. We held that the proper measure of damages was "lost profits." *Yamaha Store of Bend, Inc. v. Yamaha Motor Corp., supra,* 310 Or at 344-45.

Accordingly, we vacated the damages awards where an incorrect theory of damages had been submitted to the jury and we remanded the case for a new trial only on the issue of damages. Because of the changes in the damage awards, we also vacated the trial court's award of attorney fees to plaintiff, and ordered that the issue of attorney fees be reconsidered by the trial court on remand. Defendant was designated as the prevailing party on review and was awarded its costs and disbursements.

## DEFENDANT'S PETITION

■ On reconsideration, defendant first argues that we should not have remanded this case for a new trial on the issue of lost profits damages. We disagree for the reasons stated below.

Before trial, plaintiff stated its theories of liability in its amended complaint. However, plaintiff's theory as to the proper measure of damages for each of the theories of liability was not clear. Plaintiff and defendant agreed that "presumed damages" was the proper measure of damages for the 1982 model motorcycles on plaintiff's price discrimination claim.

The parties did not agree on the proper measure of damages on plaintiff's other claims. On the day of trial, plaintiff's complaint stated in part:

"As a result of the described actions of defendant Yamaha U.S.A., plaintiff sustained special damages in the form of increased costs, lost sales, reduced profit margins, increased indebtedness, finance charges, penalties and extra expense in connection with plaintiff's motorcycle business * * *."

During trial, when plaintiff sought to introduce evidence of damages on its other claims, it termed its theory of damages as "devaluation of new non-current inventory." Defendant objected, arguing that the proper measure of damages was

"lost profits." Defendant also argued that plaintiff had not pleaded a devaluation of inventory theory of damages. Plaintiff responded that its amended complaint did allege a devaluation of inventory theory; it also moved to amend its complaint to make that theory explicit. The trial court allowed plaintiff's motion.

During the colloquy about plaintiff's theory of damages, the trial court expressed concern that plaintiff was attempting to recover damages under *both* theories of damages, *viz.* lost profits and devaluation of inventory. The court viewed the two theories as alternatively available, but exclusive of each other. Plaintiff expressly represented to the court that it was not seeking lost profits damages in the instances where it was seeking devaluation of inventory damages. After the court had granted plaintiff's motion to amend its complaint to make a devaluation theory of damages explicit, on defendant's motion the court struck the references in plaintiff's complaint to "lost sales" and "reduced profit margins," overruling plaintiff's argument that those references were an element of plaintiff's devaluation theory of damages.[2] Thus, as amended at trial, plaintiff's complaint read in part:

"As a result of the described actions of defendant Yamaha U.S.A., plaintiff sustained special damages in the form of increased costs, reduced inventory values, finance charges, and extra expenses in connection with plaintiff's motorcycle business * * *."

As noted, we have held that the devaluation of inventory theory of damages was not available to plaintiff in this case.

Defendant now argues that this case should not be remanded for a new trial on the issue of damages because, at trial, plaintiff waived or abandoned a lost profits theory of damages. Plaintiff responds that it should not be held to have waived or abandoned the right to the "exclusive remedy" of lost profits, under the "such further damages" clause of ORS 646.160, when it did not know that a lost profits theory was

---

[2] Defendant also argues that plaintiff's pleadings, as amended at trial, do not include a lost profits theory of damages and that plaintiff should not now be allowed to amend its pleadings again to include that theory. At trial, however, defendant argued that the correct measure of damages was "lost profits," apparently conceding that plaintiff had properly plead that theory. Defendant may not have it both ways.

the "exclusive remedy" under that clause. Plaintiff argues that it could not have known of the "exclusive remedy" of lost profits because this case was one of first impression as to the proper measure of damages under the "such further damages" clause and because the law was uncertain before this court's explanation of the proper measure of damages issue under that clause.

We agree that remand for a new trial on the issue of damages is appropriate. On review, we affirmed on all issues of liability. Notwithstanding that we vacated plaintiff's damage awards where a devaluation theory of damages was incorrectly applied, plaintiff did present evidence at trial showing that it has suffered lost profits on the 1980 and 1981 model motorcycles. Plaintiff used this evidence at trial to support its devaluation theory of damages, but this evidence also is evidence of lost profits. Thus, there is evidence in the record from which a jury could find that plaintiff suffered lost profits on its other claims as a result of defendant's conduct. As the Court of Appeals found:

> "Plaintiff had difficulty articulating a *theory* of damages related to the 1980 and 1981 inventory, and it did not settle on one until well into trial. However, plaintiff had less difficulty developing the *facts* of those damages. It prepared a list that showed each motorcycle in its inventory, compared its cost for that motorcycle to what Beaverton paid for a comparable machine, adjusted for items that defendant does not contest on appeal, and determined the total difference. It provided that list, which is the basis of its claim for devaluation of inventory, to defendant several months before trial." *Yamaha Store of Bend, Inc. v. Yamaha Motor Corp., supra,* 98 Or App at 296 (1989) (emphasis in original).

---

[3] In *Oliver v. Skinner Lodge,* 190 Or 423, 226 P2d 507 (1951), this court discussed the nature of its decision in whether or not to remand for a new trial on the issue of damages:

"No doubt the court has discretion, in a proper case, to remand for [further and more detailed evidence on damages]. Remand, in such cases, however, is usually made only where the ends of justice require it, as where, for some reason not attributable to his own neglect, a party has not had an opportunity to present his evidence upon a material feature of his case." *Id.* at 455.

In short, a decision to remand or not to remand is discretionary. In exercising this discretion, our guide posts are the dictates of justice in the case. Under the circumstances of this case, we conclude that remand for a new trial on the issue of damages is appropriate.

*See Austin v. Bloch,* 165 Or 116, 120, 105 P2d 868 (1940) (proof of damages is an important consideration in a decision to remand).

Another factor in our decision to remand is the procedural posture of this case. Plaintiff pursued a devaluation of inventory theory of damages after the trial court agreed that such a theory was viable. There is no reason to believe that plaintiff would have abandoned its claims if the trial court had disallowed that theory of damages. Rather, plaintiff would have presented evidence of its lost profits. In that regard, we believe that this issue is analogous to one confronted in *Robson v. Hamilton,* 41 Or 239, 69 P 551 (1902), where this court held that a remand was proper:

> "[A] cause should not be remanded to the lower court for further consideration unless necessity demands it. It was incumbent upon the defendants to present their testimony when they had an opportunity, but their failure to do so was evidently induced by a reliance upon the [trial] court's excluding competent evidence, * * * assuming this to be so, the cause will be remanded for such further proceedings as may be deemed proper, not inconsistent with this opinion." *Id.* at 246.

*See also Vanco Beverages, Inc. v. Falls City Industries,* 654 F2d 1224, 1231 (7th Cir 1981), *judgment vacated on other grounds* 460 US 428, 103 S Ct 1282, 75 L Ed 2d 174 (1983) (federal anti-trust case granting remand to plaintiff on lost profits theory of damages after plaintiff had prevailed at trial on a theory of damages which was, during pendency of an appeal in the case, held to be erroneous by United States Supreme Court in a separate case); *Honeywell v. Sterling Furniture Co.,* 310 Or 206, 213-14, 797 P2d 1019 (1990) (plaintiff asserted and prevailed at trial on theory that the jury should be told about how punitive damages are to be distributed; on appeal, reversed and remanded for new a trial on punitive damages). We hold that remand is proper in this case.

Defendant also argues that it is entitled to attorney fees on appeal. We find that defendant's claim is premature. Defendant may present its arguments for attorney fees to the trial court after remand.

Defendant's petition for reconsideration is denied.

## PLAINTIFF'S PETITION

### A. Costs and Disbursements on Review.

■ Plaintiff argues that defendant should not have been awarded costs on appeal. The general rule regarding an award of costs and disbursements in this court is that the "prevailing party" is entitled to such an award. ORS 20.310(1); ORAP 13.05. In this case, defendant was deemed to be the "prevailing party," because it obtained a "substantial modification" of the lower court judgment by reducing plaintiffs damages on appeal by $71,074.35 on the price discrimination claim and by $25,858.01 on the breach of contract claim. *See* ORAP 13.05 ("appellant or petitioner * * * is the prevailing party only if the court reverses or substantially modifies the judgment * * *").

Plaintiff concedes that defendant may have been the prevailing party, but argues, nonetheless, that this case fits within one of the statutory exceptions to the general rule that the prevailing party is entitled to recover costs. Plaintiff argues that this is true because the statute under which it sued provides that plaintiff should be allowed costs and disbursements.

ORS 20.310(1) provides in part:

"In any * * * review by the Supreme Court, the court shall allow costs and disbursements to the prevailing party, *unless a statute provides that in the particular case costs and disbursements* shall not be allowed to the prevailing party or *shall be allowed to some other party* * * *." (Emphasis added.)

Plaintiff sued under the Anti-Price Discrimination Law (APDL). As to the 1982 motorcycles, plaintiff prevailed on liability and damages in all courts. On the 1980 and 1981 models, plaintiff prevailed on liability and obtained a remand on damages. The APDL provides, that as to costs and disbursements:

"If in [a price discrimination] action, a violation or threatened violation of [the APDL] is established, * * * *the plaintiff in the action is entitled to recover* three-fold the damages sustained by the plaintiff, and *the costs of suit* and a reasonable attorney fee at trial and *on appeal.*" ORS 646.140. (Emphasis added.)

Therefore, plaintiff should have been allowed to recover its costs and disbursements on appeal. In order to recover costs and disbursements, all that a plaintiff must prove is a violation or a threatened violation of the APDL. ORS 646.140(1). Because this court affirmed liability as to all claims, a "violation" was established which entitles plaintiff to its costs and disbursements under the statute. Plaintiff is allowed costs and disbursements on appeal in the amount of $139.95.

B. Attorney Fees.

Plaintiff claims that it should recover reasonable attorney fees in all courts for pursuing its various claims. It relies on federal anti-trust cases. Although plaintiff may ultimately prevail on this issue, this court does not need to reconsider it now because, as provided in our previous opinion, it will be considered by the circuit court on remand.

Plaintiff's petition for reconsideration is allowed in part. The award of costs portion of the court's previous decision is modified to award plaintiff costs and disbursements on appeal, payable by defendant. Otherwise, plaintiff's petition for reconsideration is denied. Defendant's petition for reconsideration is denied.